# Rogers v. The State.

### *Carrying Concealed Weapons.*

(Decided Dec. 19, 1907.   45 South. 221.)

1. *Indictment; Affidavit; Designation of Accused.*—It being alleged in the affidavit that the given name of defendant was unknown to affiant, and there being no evidence to show that it was known, the affidavit was sufficient in designating accused by his initials.

2. *Carrying Concealed Weapons; Evidence.*—Evidence in this case examined and held sufficient to warrant the finding that defendant was guilty.

[Rogers v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

W. H. Rogers was convicted of carrying a concealed weapon, and appeals. Affirmed.

The affidavit charged that W. H. Rogers, whose name is otherwise unknown to affiant, carried a pistol concealed about his person. Three witnesses testified for the state that they saw Rogers on the day it was alleged he carried the pistol concealed, that he was in his shirt sleeves, and that they could not and did not see his pistol until his son attempted to take it out of his hands after he had drawn-it. Several witnesses for the defendant testified that they saw Rogers in his shirt sleeves, and could see the butt of his pistol sticking out of his pocket on the right side. The pants were exhibited, and showed that, if the pistol was stuck in the pocket perpendicularly, it would not be concealed; but if the end of the pistol was placed in one corner of the pocket, and the butt allowed to rest against the other side, it would be concealed. Defendant was convicted, and fined $100.

BUSH & BUSH, for appellant. The affidavit was insufficient.—*Morningstar v. The State,* 52 Ala. 406. This case can be differentiated from the *Fiebleman case,* 130 Ala.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—The affidavit on which the defendant was tried was sufficient in its designation of him by initials; his name being averred to be unknown to the affiant. The plea was not guilty, and there was no evidence adduced tending to refute the averment of the affidavit that his name was unknown.—*Winter v. State,* 90 Ala. 637, 8 South. 556. There was testimony intro-

[Dean v. The State.]

duced upon which the court was warranted in adjudging him guilty.

No error appearing in the record, the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.