THE STATE OF KANSAS, *Appellee*, V. HENRY MEYER,
*Appellant.*

No. 17,903.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Violation—Arrest—Punishment—Contempt.* In a proceeding brought under section 4388 of the General Statutes of 1909 to punish a defendant for the violation of an injunction previously granted, wherein he appeared in the district court and defended against the accusation filed against him, the power of the court to try the defendant and to adjudge punishment for a contempt is not affected by the fact that he was arrested under an unwarranted order issued by the probate court, nor was it material, under the circumstances, whether a preliminary order of arrest was issued or an arrest in fact made.

2. ——— *Same.* In a case where defendant was enjoined from keeping intoxicating liquors in a certain place for sale and from selling them at that place, proof that large quantities of intoxicating liquors were subsequently purchased by defendant, some of which were kept at the place, and that he sold a pint of whisky to a purchaser, is sufficient to uphold a judgment finding defendant guilty of contempt.

3. ——— *Violation—Contempt—Punishment — Judgment.* The court found the defendant guilty of contempt and entered judgment that he be committed to the jail of the county for three months and pay a fine of $100. After he had been imprisoned under this judgment for twelve hours he was recalled and the court attempted to render a second or modified judgment sentencing the defendant to six months' imprisonment and the payment of a fine of $100. *Held,* that as the first sentence was one the court had authority to impose, and that as the defendant had suffered punishment under it, there was then no authority in the court to change and increase the punishment; and further *held,* that the first judgment is valid and still enforceable.

Appeal from Trego district court. Opinion filed March 9, 1912. Modified and affirmed.

*James T. Burney,* for the appellant.

*John S. Dawson,* attorney-general, *S. M. Brewster,* special assistant attorney-general, *S. N. Hawkes,* assistant attorney-general, and *J. P. Coleman,* assistant attorney-general, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a decision of the district court of Trego county finding the appellant guilty of contempt of court. A judgment was rendered against the appellant on November 8, 1907, perpetually enjoining and restraining him from keeping or maintaining a liquor nuisance upon certain premises and "from ever again engaging in the keeping or selling or in any way maintaining" said nuisance, or from "ever keeping at said place or on said premises any intoxicating liquors for sale." An accusation was filed in the district court of Trego county charging defendant with having violated the terms of the injunction. The charge appears to have been presented to the probate court of Trego county, and on August 15 the judge of that court ordered the arrest of the defendant and that he should be held subject to the further order of that court. The clerk of the district court issued a writ of attachment, and the appellant was accordingly arrested. Later he came into the district court with his counsel and a trial was had upon the accusation filed in that court, which resulted in a finding that he was guilty of violating the order of injunction and of contempt of the court.

At first the court announced and entered a judgment that he be committed to the jail of the county for three months and pay a fine of $100, together with the costs of the proceeding. In pursuance of this judgment he was imprisoned for about twelve hours, and on a late hour of the same day he was brought back into court, by its order, and another judgment was rendered sentencing him to imprisonment in the county jail for a

period of six months, instead of three months as first adjudged.

On this appeal it is contended that the district court had no jurisdiction to·try appellant, because he was arrested on an order of the probate court. Why the application for an order of arrest was made to the probate court is not explained, and it is certain that that court had no authority to order the arrest or to make any order in the proceeding. The act of the probate court in making the invalid order and the unwarranted arrest of appellant under it did not deprive the district court, in which the accusation was filed, of jurisdiction to determine whether appellant had violated the terms of the injunction previously granted. While an arrest of one charged with being guilty of contempt of court is provided for, it is not an essential step in the proceeding. It is important that the accusation shall, on its face, show facts sufficient to constitute a contempt, that the accused shall have reasonable notice of the proceeding, and a hearing in which he has an opportunity to make any explanation or defense that he may have. Here there was an accusation which fully stated the facts constituting the contempt, there was notice of the hearing, and an opportunity for appellant to defend, of which he availed himself. Besides, there was no challenge of the authority of the district court to try the case. No complaint was there made that appellant was not properly brought into that court, nor did he make any objections there as to the initiatory steps in the proceedings. After submitting to a trial without objection to any of the preliminary steps in the case, it is a little late to complain that he was not brought into court in the ordinary way. Neither an improper arrest nor the absence of any arrest would be ground for overthrowing a judgment rendered upon due notice and after a hearing wherein full opportunity was given the accused to explain and defend.

The contention that the evidence was insufficient to

sustain the judgment is not good. Appellant was enjoined from keeping intoxicating liquors on the premises for sale and from selling such liquors there. There was testimony that two barrels of whisky were consigned to appellant, which were received by him at the railway station. Testimony was introduced that liquors were kept at the hotel, although appellant claimed that they were kept there for his own use. It was shown that a guest at the hotel purchased a pint of whisky from appellant, for which seventy-five cents was paid. There was conflicting testimony offered by appellant, but the trial court accepted as true that which was produced by the state, and it is sufficient to sustain the judgment. When appellant kept liquor for sale in the hotel, and made a single sale of it in that place, he violated the injunction and was guilty of contempt.

The remaining question raised on the appeal is the validity of the action of the court in modifying the judgment. The modification was made during the term in which the original judgment was entered, and on the same day. The reasons which led the judge to change and increase the period of imprisonment are not shown. The statute provides that:

"Any person violating the terms of any injunction granted in proceedings shall be punished for contempt by a fine of not less than one hundred nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months, in the discretion of the court or judge thereof." (Gen. Stat. 1909, § 4388.)

It is competent for the court to modify a judgment in either a civil or a criminal case during the term at which the judgment was rendered. (*The State v. Hughes,* 35 Kan. 626, 12 Pac. 28; *The State, ex rel., v. Sowders,* 42 Kan. 312, 22 Pac. 425; *In re Beck,* 63 Kan. 57, 64 Pac. 971; *Johnson v. Jones,* 58 Kan. 745, 51 Pac. 224; *Chapman v. Irrigation Co.,* 75 Kan. 765, 90 Pac. 284.) In *The State v. Hughes,* supra, it was decided

that "the district court may, until the term ends, re-
vise, correct or increase a sentence which it has im-
posed upon a prisoner, where the original sentence has
not been executed or put into operation." (Syl. ¶ 4.)
Here the judgment first rendered had been executed in
part before the attempted modification was made. Ap-
pellant had been imprisoned under the judgment and
had undergone twelve hours of the punishment imposed.
by the court before the judgment was changed and the
term of imprisonment doubled. Was it competent for
the court to change the judgment and increase the pen-
alty at that time? The trend of the authorities is that
the power of the court to revise judgments of convic-
tion extends to the end of the term if execution of the
judgment has not been begun, but that the power is
exhausted when the judgment is executed or is in
process of execution. In *Brown v. Rice*, 57 Maine, 55,
the defendant was found guilty and sentenced to serve
six months in the jail. Nineteen days after he was
imprisoned under the judgment he was brought from
the jail, and the court undertook to revoke the judgment
and to sentence him to the state's prison for a term of
three years. The last and longer sentence was within
the limit fixed by law for offenses of which he was con-
victed. It was held that the court could not, at that
time, revise and increase the sentence, and that the first
sentence was legal and binding, notwithstanding the
attempt of the court to revoke it. After citing certain
cases, which authorized amendments during the term
so long as the judgments remained unexecuted, the
court remarked:

"These cases certainly are as strong for the re-
spondent as any that can be found, and recognize the
right of the court to go as far, at least, as we can find
either reason or authority for going. But they stop at
the point of execution, and clearly express or imply
that after execution, or warrant issued and executed,
this power of summarily changing the record, or judg-
ment, or sentence, is at an end." (p. 57.)

In Michigan a defendant was convicted of burglary and sentenced to imprisonment for five years. On the next day the court learned that he had made an unsuccessful attempt to escape from the prison to which he was committed. He was brought back into court and resentenced to a term of ten years. It was held that, the sentence having gone into effect and that one day of the imprisonment under the sentence had been served, the court was without authority to make the change. The second sentence was set aside and the original one enforced. (*People v. Meservey,* 76 Mich. 223.) In *The People, ex rel., v. Whitson,* 74 Ill. 20, it was held that "where a defendant in a criminal case has suffered punishment according to a legal sentence, a second judgment in the same case, even if rendered at the same term of court, is void." (Syl. ¶ 3.) In *State v. Cannon,* 11 Ore. 312; 2 Pac. 191, it was held that "where a sentence had been passed upon a defendant, and the judgment has gone into effect by commitment of the defendant under it, the court has done all that it had the legal power to do under the proceedings in that case." (p. 314.) Other cases of similar import are: *In re Jones,* 35 Neb. 499, 53 N. W. 468; *State v. Warren,* 92 N. C. 825; *Commonwealth v. Weymouth,* 84 Mass. 144; *Ex Parte Lange,* 85 U. S. 163; *Lee v. The State,* 32 Ohio St. 113; *The State v. Daugherty,* 70 Iowa, 439, 30 N. W. 685; *Elsner v. Shrigley,* 80 Iowa, 30, 45 N. W. 393; *People v. Kelley,* 79 Mich. 320, 44 N. W. 615.

(See, also, 12 Cyc. 783.)

The decision of this case does not require that we extend the rule as far as is done in some of the cited cases. We need not determine the effect of a modification which remitted a part of the penalty or shortened the term of imprisonment at the instance of the defendant, nor where the first judgment was outside of the statute or not within the power of the court to impose. In this case the court had the authority and dis-

cretion to impose the penalty first adjudged. The judgment was in process of execution and the defendant had undergone a part of the punishment before the attempted change of the judgment. After punishment had been inflicted under that judgment the court was powerless to recall the defendant and to resentence him to a longer term.

The second judgment, which is a nullity, is set aside. The first judgment was not affected by the subsequent action of the court, and it is affirmed and will be enforced.