**STATE ex rel. CURTIS v. HEFLIN, Circuit Judge. (6 Div. 233.)**

(Court of Appeals of Alabama. May 8, 1923.)

**1. Mandamus ⟨key⟩164(3)—Answer to writ to show cause explaining facts in petition held to admit them.**

Where the answer to a writ to show cause is an explanatory statement of facts alleged in the petition, it admits such allegations.

**2. Criminal law ⟨key⟩304(13)—Court judicially knows that judgment of conviction of December 14, 1922, passed beyond control of circuit court by close of term before December 30, 1922.**

In vew of Const. 1901, § 144, and Gen. Acts 1915, p. 707, dividing a year into two terms, the first from the first Monday in January to the last Saturday in June, and the second from the first Monday after the fourth of July to the last Saturday before Christmas, the court judicially knows that a final judgment in a criminal case of December 14, 1922, had passed beyond the control of the circuit court before the judge or the court attempted to set it aside on December 30, 1922, and that such attempt of setting aside was void, since the court was not in session and it could not hold the judgment open until next term of court.

**3. Criminal law ⟨key⟩187—Where final judgment of conviction was satisfied, court could not set aside in subsequent term and require defendant to stand another trial for same offense.**

Where a final judgment of conviction was, rendered against relator in a court of competent jurisdiction within term time and that judgment was, fully satisfied, the court could not place him on trial again for the same offense in the same court or inflict a different punishment than that which relator answered and satisfied.

**4. Criminal law ⟨key⟩169 — Discharged defendant held not responsible for conduct of state's attorney in misleading court in procuring defendant's discharge.**

In the absence of a showing that defendant had any part in the conduct of the state's attorney in deceiving or misleading the court in making an order discharging defendant on his plea of guilty and payment of a fine, defendant should not be held responsible for errors of the state's attorney who prosecuted him.

**5. Mandamus ⟨key⟩172 — Whether defendant's discharge was procured by fraud may not be raised in mandamus to judge to vacate order setting aside order of discharge.**

The question whether an order or judgment in a criminal case was procured by fraud of defendant or his attorney cannot be raised in mandamus proceedings against a judge to set aside his order vacating a previous order discharging defendant.

**6. Criminal law ⟨key⟩993—Court may not modify sentence in criminal case.**

When a final judgment in a criminal case is once entered and the sentence imposed and satisfied, it is then too late for the court or judge subsequently to modify the sentence.

**7. Judgment ⟨key⟩298—Court may in term time or thereafter amend judgments nunc pro tunc, or minute entries to conform to fact.**

Courts have authority in term time or thereafter to amend judgments nunc pro tunc, or minute entries so as to conform to or express the real judgment, during the term at which such orders, judgments, or entries are made.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Mandamus ⬦53—Superior court may compel vacation of erroneous order of inferior court.**

If it becomes necessary that order of an inferior court be vacated, a superior court in the discharge of its power of superintending control will not hesitate to compel the vacation of such order by the inferior court by so framing its writ of mandamus.

Original petition of the State of Alabama, on the relation of J. S. Curtis, for writ of mandamus to Hon. H. P. Heflin, as Judge of the Circuit Court of Jefferson County. Writ granted.

Clarence Mullins and C. C. Nesmith, both of Birmingham, for relator.

After the expiration of the term the jurisdiction of the court over judgments is ended. Acts 1915, p. 207; Zaner v. Thrower, 203 Ala. 650, 84 South. 820; Davidson v. Rice, 201 Ala. 508, 78 South. 862; Clio Banking Co. v. Brock, 204 Ala. 57, 85 South. 297; Carson v. Sleigh, 201 Ala. 375, 78 South. 229; Gunnels v. State Bank, 18 Ala. 676; Hundley v. Yonge, 69 Ala. 89; Southern Railway v. Jones, 143 Ala. 335, 39 South. 118; Southern Railway v. Griffith, 177 Ala. 364, 58 South. 425; Ashford v. McKee, 183 Ala. 635, 62 South. 879; Agee & Co. v. Clark, 6 Ala. App. 128, 60 South. 460; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Van Dyke v. State, 22 Ala. 57. The defendant cannot be twice put in jeopardy for this offense, for that it is in contravention of section 9 of the Constitution of 1901 of Alabama, and of the Fifth Amendment to the Constitution of the United States. 4 Michie Digest, p. 80; Const. Ala. of 1901, § 9; State v. Standifer et al., 5 Por. 523; Moore v. State, 71 Ala. 307; Robertson v. State, 183 Ala. 43, 62 South. 837; Rigell v. State, 8 Ala. App. 46, 62 South. 977; Jackson v. State, 136 Ala. 96, 33 South. 888; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Berkowitz v. U. S., 93 Fed. 452, 35 C. C. A. 379. Mandamus is the proper remedy in this instance. Mt. Vernon Woodbury, etc., v. Judges 15th Circuit, 200 Ala. 168, 75 South. 916; Ex parte Edwards, 123 Ala. 102, 26 South. 643; Hill v. Tarver, 130 Ala. 592, 30 South. 499; Herbert v. Board of Education, 197 Ala. 617, 73 South. 321; Banks v. Mobley, 4 Ala. App. 517, 58 South. 745; Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 South. 44; Edinburg Coal Co. v. Humphreys, 134 Fed. 839, 67 C. C. A. 435; 26 Cyc. 193; 18 R. C. L. 304; Coit v. Elliott, 28 Ark. 294; Condit v. Board of Com'rs of Newton County, 25 Ind. 422; State v. Davis, 17 Minn. 429 (Gil. 406); State v. Shaack, 28 Minn. 358, 10 N. W. 22; Kemerer v. State, 7 Neb. 130; Ex parte Margart, 207 Ala. 604, 93 South. 505.

Harwell G. Davis, Atty. Gen., and Edwina Falkner, Asst. Atty. Gen., for respondent.

The trial judge had not lost control over the judgment, but under the law had 30 days' jurisdiction thereover, even if rendered on the last day of the term. Acts 1915, p. 708, § 3. Mandamus is not available to the petitioner in this case. To authorize the writ, there must be a clear legal right, and no other remedy. Ex parte Smith, 168 Ala. 181, 52 South. 895; Speed v. Cocke, 57 Ala. 215; Ex parte Edwards, 123 Ala. 102, 26 South. 643; Hill v. Tarver, 130 Ala. 592, 30 South. 499; Minchener v. Carroll, 135 Ala. 409, 33 South. 168; 26 Cyc. 162: Ex parte Harris, 52 Ala. 87, 23 Am. Rep. 559; Dawson v. Sayre, 80 Ala. 444, 2 South. 479.

BRICKEN, P. J. This is an original application in the form of a petition or complaint to this court, praying for a writ of mandamus or other remedial writ of a supervisory nature to command Hon. H. P. Heflin, one of the judges of the circuit court of Jefferson county, Ala., to annul, set aside, and vacate a certain order or judgment made by him on January 13, 1923, in a certain cause heretofore pending in the circuit court of Jefferson county, styled State of Alabama v. J. S. Curtis. The said order sought to be annulled and set aside is in words and figures as follows:

"Minute Entry.

"No. 48887. The State v. J. S. Curtis. Affidavit for Contributing to the Delinquency of Female Child under 16 Years of age. Honorable H. P. Heflin, Presiding. This the 13th day of January, 1923, it appearing to the court that in the order made December 14, 1922, allowing defendant, J. S. Curtis, to plead guilty and pay a fine of one hundred dollars and costs of this cause that the court was misled by Asst. Solicitor John P. McCoy into making said order, and the defendant, J. S. Curtis, not being before the court in person (or if he was in the courtroom at the time, that the court was not aware of his presence), at the time said order was entered, it is therefore ordered by the court and it is the judgment of the court, that the order of December 14, 1922, be and the same is hereby set aside, and this case is reinstated on the docket of this court. And it is ordered by the court that the clerk of this court set this case for trial."

The petition or complaint filed in this cause in short alleges that the relator, J. S. Curtis, was on the 10th day of November, 1922, charged by affidavit of one Ralph S. Barrow with the criminal offense of contributing to the delinquency of a female under 18 years of age, and a warrant was issued upon said affidavit on the 10th day of November, 1922, and made returnable to the juvenile court of Jefferson county, Ala.; that his case was set for trial in the said juvenile court on the 16th day of November, 1922, and the cause was continued until the 27th day of November, 1922, when the trial was had in the juvenile court and the defendant adjudicated guilty and sentenced to the

punishment of 12 months' hard labor for the county; that the defendant immediately appealed to the circuit court of Jefferson county and demanded a jury trial, and gave an appearance bond of $2,000; that the case was certified to the circuit court on the 7th day of December, 1922; and that while said cause was pending in the circuit court, which was being presided over by the respondent, Hon. H. P. Heflin, as circuit judge, on the 14th day of December, 1922, the following final order and judgment was entered in said cause:

"No. 48887. The State v. J. S. Curtis. Affidavit for Contributing to the Delinquency of Female Child under 16 Years of Age. Honorable H. P. Heflin, Presiding. This the 14th day of December, 1922, came Joseph R. Tate, solicitor who prosecutes for the state of Alabama, and also came the defendant in his own proper person and by attorney, and the said defendant being duly arraigned upon the affidavit in this cause for his plea thereto, says that he is guilty as charged in said affidavit, and that he pay a fine of one hundred dollars and costs of this cause. It is therefore considered by the court, and it is the judgment of the court, that the defendant is guilty as charged in said affidavit, and that he pay a fine of one hundred dollars and costs of this cause. And the defendant paid said fine and costs to the clerk and was discharged."

And that on December 30, 1922, the trial judge entered the following order:

"Dec. 30, 1922. The court having been misled into making the above order allowing the defendant to plead guilty and pay a fine of $100.00 the same is hereby set aside and the case is reinstated on the docket and ordered set for trial, Jan. 22, 1923. H. P. Heflin, Judge."

It is alleged that the above order of December 30, 1922, was made about 10 o'clock at night by the judge, and that neither the defendant nor his attorney was present when said order was made; that on the 6th day of January, 1923, the relator appeared expressly for the sole purpose of making his motion to vacate the said order of December 30, 1922. This motion was set for hearing on January 13, 1923; and the motion was granted and the order vacated, but another and different order was entered as of the 13th day of January, 1923, which is above set forth and which is sought to be vacated and annulled.

It is further shown by the petition that when the final order and judgment of December 14, 1922, was entered upon the defendant's plea of guilty as charged in the affidavit, and a fine of $100 and costs imposed, the defendant in the circuit court, the relator in this court, paid the said fine and costs before any order was entered by the judge of the court on December 30, 1922, or January 13, 1923, as above set forth.

It is the contention of the relator, the petitioner in this court, that the order of December 30, 1922, made by the judge, which is sought to be vacated, was made in vacation, when there was no session of the circuit court, and that consequently the judge could not act as a court, but was acting solely as a judge and not as a court; and that such order was of necessity a nudum pactum, null, and void; and that the defendant cannot be required to submit to another trial, for the reason that he has been once convicted on a plea of guilty; and that he has satisfied the judgment of the court by payment of the fine and costs adjudicated against him; and that to require him to submit to further proceedings would be to put him in jeopardy twice for the same offense, contrary to the Constitution and laws of the state and of the United States.

A rule to show cause why a peremptory writ should not issue from this court issued and was made returnable on the 3d day of April, 1923, and the judge of the circuit court having answered, admitted most of the material facts alleged in the petition, but sets forth, in justification of his act of making the order, that when the final judgment of conviction was entered on December 14, 1922, he was sitting as judge of the circuit court of Jefferson county in the criminal division, and was engaged in the trial of another cause, and that he was interrupted by the assistant solicitor, and while he was giving his attention to the case on trial, was told by the assistant solicitor that he had a matter which he had investigated and which ought to be disposed of by allowing an accused person to plead guilty and pay a fine of $100; that he asked the assistant solicitor if he recommended the request, and that upon the assistant solicitor answering affirmatively he signed the order, assenting to such plea and fine, without noticing the case or whether or not the accused was in court; that he, the judge, had no knowledge of the case, but relied upon the assistant solicitor; that he subsequently learned that he had been misled in the premises and that his confidence had been imposed upon by the assistant solicitor, and that he attempted to set aside the order and to rectify the wrong.

[1, 2] So far as any question of law is involved in this case, the answer confesses or admits the facts stated in the petition. The only effect of the answer is a statement by the judge of the circumstances under which the orders were made and a statement of his excuse for making the second order. As we view the case, it must be decided, in all respects, as if the answer had admitted the facts stated in the petition. This being true, we feel no hesitancy in saying that the order of January 13, 1923, made by the judge of the circuit court, attempting to annul, cancel, and set aside the final judgment of conviction of the relator, entered at a former term of the court on December 14, 1922,

was utterly void and of no effect, and that neither the judge nor the circuit court of Jefferson county had any right, authority, or power at that time to annul, set aside, amend, or change in any manner the final judgment of the circuit court of December 14, 1922. This court, of course, takes judicial knowledge of the beginning and ending of the terms of the circuit courts of this state. The Constitution, § 144, provides the circuit, or a court having the jurisdiction of a circuit court, shall be held in each county of the state and meet twice in every year; and the Act of September 22, 1915 (Gen. Acts, p. 707), divides the year into two terms, the first term extending from the first Monday in January to the last Saturday in June, and the second term from the first Monday after the 4th of July to the last Saturday before Christmas. Consequently, the court judicially knows that the final judgment of December 14, 1922, had passed beyond the control and power of the circuit court long before any attempt on the part of the judge or court to cancel, annul, or set it aside; and that the action of the judge taken on December 30, 1922, was null and void. The court was not in session, and the act could have been nothing but the act of the judge, and not of the court; and it could not serve to hold the judgment open until the next term of the court. Therefore the court, as well as the judge, had lost entire control and authority over the judgment of December 14, 1922, when the order of January 13, 1923, was entered by the court. The 30-day provision of the statute, which authorizes the court to exercise authority and control over its judgments for 30 days after the rendition thereof, cannot confer authority or control upon the court or the judge to annul or set aside final orders and judgments of the court at another term of the court, and certainly not after such judgments have been fully satisfied. The 30-day provision of the statute was intended to allow the court, during that 30 days, to have the same authority and control over the orders and judgments of the court as it theretofore had during the term. It was rendered necessary because of the long terms of courts, which did not formerly prevail in this state; the terms theretofore being usually not longer than two weeks. The Legislature having extended the terms to practically six months, it was necessary that some time limit should be placed upon the authority of the court to modify or change its judgments, orders, or minute entries; and 30 days was considered the proper limit. But it was never intended to confer authority or power upon the court to make any order, judgment, or decree in a court which it could not have made during the term in which the order or judgment was rendered.

19 ALA.APP.—15

[3] Moreover, we doubt that a court could, even during term time, annul and set aside a judgment of conviction in a criminal case after the defendant had paid the fine and costs or had served the punishment inflicted; though we do not decide this question, because it is not now necessary to decide it. It is certain, however, that a final judgment of conviction was rendered against the defendant in a court of competent jurisdiction within term time, and that he satisfied the judgment while it was in force against him; and having so satisfied it, it is no longer a pending matter in that court, and the court cannot annul and set aside such judgment and require the defendant to stand another trial for that particular offense in that particular court. As was said by the Supreme Court of the United States, in the famous case of Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162, there are some things that put limitations upon Deity itself, one of which is to recall the past. Hence a final judgment having been rendered by a court of competent jurisdiction, and that judgment having been fully satisfied, the court cannot, at a subsequent term, cancel and annul that judgment and require the defendant to stand another trial or inflict a different punishment upon him for the same offense. There can be no question that the defendant was put in jeopardy, which is conclusively evidenced by the final judgment of December 14, 1922; and certainly the same court that put him in jeopardy—that pronounced him guilty, that imposed a fine—cannot, after the fine is satisfied, place him upon trial again for the same offense in the same court, or inflict a different punishment than that which the defendant has answered and satisfied.

[4] It is true that there is a class of cases, in which judgments of conviction or judgments of acquittal were procured by fraud on the part of the defendant, perpetrated upon the court, which do not amount to or have the effect of the defendant having been put in jeopardy, for the reason that such trial orders and judgments were procured by the defendant's own wrong and fraud, and the law will not allow him to profit by his own fraud, or to perpetrate a wrong or imposition upon the court; but no such question appears to have been presented to the court below, and no such question is presented to this court by this record. There is not an intimation that this judgment of conviction was procured by the fraud of the defendant. The most that is contended is that it was procured or allowed because the assistant solicitor, who represented the state and who was recognized by the court as representing the state, deceived or misled the court. Whether the court was so misled or not is a question which is not now before this court, and could not be presented on a

proceeding like this. · It is a full answer to such contention that it is not alleged or shown that the defendant had any part whatever in misleading the court; and surely he should not be held responsible for the errors or faults of the attorney for the state who prosecuted him.

[5, 6] In order, however, to present the question as to whether or not the order or judgment was procured by the fraud of the defendant or his attorney, that question would have to be raised in another manner and in another proceeding, and could not be raised or decided in a proceeding like this. It is a principle ·of law well and, we think, correctly settled, that a court has no ·power to impose additional fines or punishments in a criminal case after the defendant or accused has served a part of the term of his sentence, or ·paid the fine imposed upon him, even if such attempt should be made during the term of the court at which the final judgment and sentence was rendered. The law, as declared by the text-writers and decisions of the courts, is that no court possesses the authority, power, or right to increase a sentence or fine after the defendant has begun to serve his term or ·has paid the fine. See State v. Meyer, 86 Kan. 793, 122 Pac. 101, 40 L. R. A. (N. S.) 90, Ann. Cas. 1913C, 280, and note thereto. A sentence of a court cannot be pronounced in piecemeal. When a final judgment of the court is once entered, and the sentence imposed and satisfied, in whole or in part, it is then too late for the court or the judge to subsequently modify it.

The case, of People v. Meservey, 76 Mich. 223, 42 N. W. 1133, was a case somewhat similar to this. The defendant pleaded guilty to a charge of burglary and was sentenced to imprisonment for five years; and on the subsequent¹ day the defendant was brought into court and an order entered that it appearing to the court that the sentence theretofore pronounced was imposed· under a misapprehension of the facts, the order and judgment of sentence was set aside. It was also recited in the order that no part of the judgment or sentence of the court had been inflicted; but the Supreme Court on appeal held that the original sentence had gone into effect, and that one day of imprisonment had passed; and that the circuit judge had no power to vacate the sentence; that the action of the judge of that court was not a case of amending the judgment entry in accordance with the facts, but it was entering another judgment upon a different state of facts. See State v. Meyer, 86 Kan. 793, 122 Pac. 101, 40 L. R. A. (N. S.) 90, Ann. Cas. 1913C, 280; also, Commonwealth v. Weymouth (Mass.) 79 Am. Dec. 779; Bradford v. Telephone Co. (Mich.) 137 Am. St. Rep. 513, note on page 517.

[7] What we have said above, and what we decide in this case, does not deny the authority or power of courts, in term time or after term time, to amend judgments nunc pro tunc, or to amend judgments or minute entries so as to conform to or express the real judgment of the court, during the term at which such orders, judgments, or entries are made. The amendment there is only to express the real and true order, judgment, and sentence of the court, where it had not been truly or accurately expressed in the entry made. This record, however, presents no such case of amendment. There is no question that the minute entry expressed the true order, judgment, decree, and sentence of the court. The only claim is that the court was misled, in so adjudging and decreeing, by the assistant solicitor for the state. The object and purpose of the trial judge in annulling, canceling, and setting aside the final judgment and sentence was to ultimately enter up another and different judgment and sentence from that which the court had theretofore ordered and adjudged, for the reason that the court was not properly informed when it entered the original order and judgment. This cannot be done in the mode, manner, or time in which the trial judge attempted to so annul, cancel, and set aside such final judgment and sentence.

[8] The Attorney General in a well-prepared brief makes the insistence that mandamus is not the proper remedy. In this we do not agree, for if it becomes necessary, in the due discharge of its power of superintending control, that orders of an inferior court be vacated, a superior court will not hesitate to compel the vacation thereof by the inferior court by so framing its writ of mandamus. 18 R. C. L. p. 310, § 253. This section as a whole is a complete answer to the contention made by the Attorney General.

Therefore let a peremptory writ of mandamus issue in this case as is prayed for in the petition, commanding Hon. Harrington P. Heflin, one of the judges of the Tenth judicial circuit of Alabama, to set aside and annul the order made by him on the 13th day of January, 1923, in the case of State of Alabama v. J. S. Curtis.