142 So. 423

### KELLEY v. CHAVIS.

### 4 Div. 623.

Supreme Court of Alabama.

May 12, 1932.

Rehearing Denied June 11, 1932.

C. B. Fuller, of Opp, for appellant.

Frank J. Mizell, Jr., of Florala, for appellee.

**FOSTER, J.**

The bill in this case shows that complainant not only had knowledge of the default judgment against him within thirty days after its rendition, but made his motion in court to vacate it because the summons and complaint was not served on him, and such motion was made on the 22d day after the date of the judgment.

█ It was not the duty of the clerk to call the motion to the attention of the judge, but such duty is upon the movant. It is an absolute duty, and the failure to cause him to act on or continue it terminates the power of the court to act upon the motion. Code, § 6670; Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Howard v. A. F. & I. Co., 208 Ala. 500, 94 So. 531; Ex parte Margart, 207 Ala. 604, 93 So. 505. The presence of the judge in another county is no excuse. Code, § 6710; Dulin v. Johnson, supra; State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473.

If defendant has knowledge of the judgment within thirty days, due diligence ordinarily requires that he secure the plenary power of the court by motion made and duly acted upon within that time. Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664.

█ If the defendant in the default judgment is first informed of its existence after the expiration of thirty days from its date or after the expiration of the term in which it was rendered, he may either institute a new proceeding under the four-month statutes, section 9521, or may file a suit in equity at his election. Ex parte Brickell, 204 Ala. 441, 86 So. 1; Ex parte Dayton Rubber Co., 219 Ala. 482, 122 So. 643; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Hurt v. Knox, 220 Ala. 448, 126 So. 110.

█ That statute merely furnishes a cumulative remedy, and the failure to invoke it is not fatal to a suit in equity. Choctaw Bank v. Dearman, 223 Ala. 144, 134 So. 648; Ala. Chem. Co. v. Hall, 212 Ala. 8, 101 So. 456, and authorities last above cited.

█ But, when defendant has knowledge of the judgment within thirty days after its rendition, and within the term of the court when it was rendered, though no service was had on him, and he fails to exercise the right to secure the plenary power of the court when he could have done so by reasonable effort, it is negligence which will defeat a proceeding in equity for the purpose of vacating such judgment for lack of service. Barton v. Burton Mfg. Co., supra; Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Nat. F. Co. v. Hinson, 103 Ala. 532, 15 So. 844.

The bill alleges that defendant (complainant in chancery) made his motion in due time, but did not have it considered or continued by order made within the time in which the court must act. It therefore shows a want of diligence by complainant, fatal to relief. The demurrer presents the question, and the decree overruling it must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

---

**On Rehearing.**

PER CURIAM.

Application for rehearing overruled.

All the Justices concur, except KNIGHT, J., not sitting.