147 So. 417

**FLORENCE GIN CO. v. CITY OF FLOR-
ENCE et al.**

8 Div. 421.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied April 20, 1933.

Bradshaw & Barnett, of Florence, for appellant.

480

W. H. Mitchell, of Florence, for appellees.

BOULDIN, Justice (after stating the facts as above).

■ The decree sustaining the demurrer generally is to be referred to the demurrers to the bill as a whole. Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14;

Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Wood v. Estes, 224 Ala. 140, 139 So. 331.

■ Where a bill, as here, sets up several distinct equities, if complainant is entitled to relief on one or more of same, a demurrer to the bill as a whole should not be sustained. Cases, supra.

The question now for review, therefore, is whether the demurrer to the bill as a whole was properly sustained for want of equity in any aspect. Otherwise stated, does the bill disclose equitable grounds for vacating any one of the several assessments made against the property involved?

The bill does not set out the improvement ordinances, nor the assessment proceedings as they appear of record; nor does it allege any defect going to the jurisdiction of the governing body in any stage of the proceedings apparent on the record thereof. The bill .is to be construed as though the records were regular in all respects.

Counsel on this appeal, in view of our decisions, are at variance as to whether this is to be regarded as a direct or a collateral attack on judicial proceedings.

It has been declared by this court that "any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term, at which it was rendered, is a collateral attack." Penton v. Brown-Crummer Investment Co., 222 Ala. 155, 161, 131 So. 14, 19, and cases cited.

On the other hand, a direct proceeding in any court of competent jurisdiction to vacate and annul judgments and decrees upon recognized grounds has often been termed a direct, rather than a collateral, attack.

■■ All agree that, when the validity of a judgment or decree arises in any other form of proceeding, a collateral inquiry is presented, and its validity can only be questioned for want of jurisdiction or other illegality apparent on the face of the record. This, in strictly statutory proceedings, may appear from failure to recite jurisdictional facts. In courts of general jurisdiction as to the subject-matter, the record must affirmatively show a want of jurisdiction. These familiar rules need no citation of authority.

Whether any proceeding directly challenging the validity of a judgment, and seeking to have it annulled and vacated, should be called a collateral attack, is a matter of terminology.

■ Certain it is that from the beginning of our jurisprudence a bill in equity has been a recognized remedy to annul and avoid a

judgment or decree, not void on the face of the record, but coming into existence as the result of fraud in its procurement, or of mistake or accident, not contributed to by any fault or want of diligence of the party complaining.

Among bills of this class are those challenging the validity of a judicial proceeding for want of jurisdiction due to lack of service, actual or constructive, as the particular proceeding may demand, although the record recites such service.

The security of person and property, dependent on a steadfast adherence to the fundamental doctrines of due process of law, is the basis of such doctrine.

The dignity and sanctity of solemn judgments and decrees are protected in seeing that they are such in fact, not merely colorable, a cover of fraud, or the means of victimizing the citizen without a hearing.

As applied to local assessments of property by municipalities for public improvements, a bill in equity to vacate the same for want of notice, and consequent due process of law, despite recitals of the records, has been fully considered and sustained by the full court in City of Jasper v. Sanders (Ala. Sup.) 145 So. 827,[1] following and elaborating the holding in Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210. We merely direct attention to these cases and authorities cited therein.

■ But it is equally well settled that a party invoking the aid of a court of equity to vacate judicial proceedings must allege and prove, as a basis for equitable interference with the solemn judgments of tribunals exercising judicial power, that injury has resulted, and that no want of reasonable diligence in asserting his rights in the first instance has intervened. Even where a personal judgment has been entered without personal service in fact, though shown by an official return, if the defendant acquires knowledge of the suit within time to present his defense while the matter is still within the control of the court rendering the judgment, or other adequate remedy at law is open, he cannot obtain relief in equity. Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664; Stephens v. Bruce, 216 Ala. 677, 114 So. 306; Kelley v. Chavis, 225 Ala. 218, 142 So. 423.

■ The assessment of the cost of the improvement at the street intersection is questioned in sections 3 and 4 of the bill on the sole ground that the assessment on this lot was excessive, in that other abutting lots extending back one-half block were not assessed with their proportion as the statute requires. This was clearly a matter which could have been presented at the hearing before the city council, and reviewed, if need be, on appeal to the circuit court, and finally to this court. No excuse is presented for failure to so present the issue. This aspect is without equity. Jasper Land Co. v. City of Jasper, supra.

■ The other assessments are assailed on grounds (a) to (h) of section 5, and like grounds in the other sections. Of these, (a), (b), (e), (f), (g), and (h) go to the question of defenses against the assessment as made. Whether they are all good defenses we need not consider. Grounds (c) and (d) are the sole grounds on which equitable intervention may be invoked. While (c) avers an assessment roll was not made of the kind there stated, that is to say, conforming to the details prescribed by statute, and (d) avers no notice was given of the time and place for hearing objections, these averments are coupled with an express statement that a "hearing" was had and these assessments made final. If there was no assessment roll, no record of assessment against this lot, the proceeding would be void on its face, and no occasion for this bill would arise.

The bill must be taken as averring mere irregularities in the assessment roll, such as would not render the assessment void on its face.

Likewise, on the question of notice, the bill does not allege the defendant had no knowledge of the pendency of these assessment proceedings in time to be heard, nor indeed that complainant did not participate in such hearing. Such averments are matters of substance. The rule of vigilance finds a strong basis of reason in cases of this kind. The entire aim is to have each landowner contribute to the cost of the improvement, not exceeding the increased value of his property by reason of special benefits from the improvement. If in course of the proceeding some essential requirement of law is omitted or violated, the statutes contemplate that the proceeding may begin anew from the point where invalidity appeared. It will be noted that this suit is filed six to eight years since these assessments were made.

To wipe out these assessments, reap the benefit of the improvements, and pass the burden on to the shoulders of others at this late date, is not in keeping with equity.

None of the aspects of the bill presented a substantial ground for equitable relief, and the demurrers to the bill as a whole were sustained without error.

Affirmed.

ANDERSON. C. J., and GARDNER and FOSTER, JJ.. concur.

[1] Ante, p. 84.