173 So. 59

**LEATH, Sheriff, et al. v. LISTER et al.**

**7 Div. 423.**

Supreme Court of Alabama.
March 11, 1937.

Motley & Motley and McCord & Mc-'Cord, all of Gadsden, for appellants.

Culli, Culli & Swann, of Gadsden, for appellees.

GARDNER, Justice.

The original bill, as amended, seeks relief against a forfeiture judgment on a bond given in the detinue suit of the Mack-Roper Motor Company v. Mark Cunningham, and injunctive relief against the sheriff in making levy thereon. It is rested upon the theory that, though complainant's name appears on the bond (given under section 7389, Code), yet he did not sign the same nor did he authorize any one to sign his name thereto, and hence that his signature thereto was a forgery.

The insistence that the bill is without equity is well taken. If it be considered as one to set aside a judgment in a court of law, there is no averment whatever acquitting complainant of negligence, or any excuse offered for a failure to apply within the 30-day period to the law court for relief. Our cases are to the effect that a want of diligence on complainant's part is as fatal to relief in equity as the want of a valid substantial defense. "The rules of equity are strict in requiring a party seeking relief from a judgment at law to acquit himself of fault or neglect in respect of defenses which might have been interposed to prevent

the judgment." "A concurrence of injustice committed and freedom from fault and negligence, is an indispensable condition to the exercise of this jurisdiction." Hendley v. Chabert et al., 189 Ala. 258, 65 So. 993, 995.

There is neither averment in the bill nor proof offered on the trial indicating when complainant discovered the fraud alleged to have been perpetrated on him, and of consequence no effort to aver or show by proof any diligence on his part to obtain relief in the court of law.

■ True, the remedy under our 4-month statute (section 9521, Code 1923) is cumulative merely. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Kelley v. Chavis, 225 Ala. 218, 142 So. 423. But this remedy is to be distinguished from the right to apply to the court of law for relief during the 30-day period (section 6670, Code) when the judgment is yet within control of the court. That distinction is pointed out in Evans v. Wilhite, supra, and, as observed in Kelley v. Chavis, supra, "If defendant has knowledge of the judgment within thirty days, due diligence ordinarily requires that he secure the plenary power of the court by motion made and duly acted upon within that time."

Numerous decisions have treated the question of necessity on complainant's part to acquit himself of negligence in cases of this character, among them, De Soto Coal, Mining & Dev. Co. v. Hill, 188 Ala. 667, 65 So. 988; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369; Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664.

We have offered these observations as the argument of counsel appears to assume that a judgment of a court was here involved, and we have thought it not improper to state our conclusion that even upon such assumption complainant has failed to bring his case within the equitable doctrine of interference with a judgment at law. But this is not a court judgment in the sense of these authorities, and we think the case is governed by other considerations equally fatal to relief.

■ The bond was given under section 7389, Code 1923, and execution issued for forfeiture under section 7394, Code. But, as observed in Harrison v. Hamner, 99 Ala. 603, 12 So. 917, such execution was not issued pursuant to any order of court. "It was a statutory execution, issued by the clerk on the return of the bond forfeited, sometimes called an 'office judgment.'" Such being the character of the execution, a motion to quash may be acted on at any time when the court is in session without regard to the term when the judgment was rendered. This was the holding in Harrison v. Hamner, supra.

■ The writ of supersedeas, in our practice, is a substitute for the writ of audita querela, and the ground of the jurisdiction to award it is said to be the power and duty of all courts to prevent the abuse of their process, where an improper or unjust use is attempted to be made of it. Jesse French Piano & Organ Co. v. Bradley, 143 Ala. 530, 39 So. 47; Dunlap v. Clements, 18 Ala. 778; Ex parte Brickell, 204 Ala. 441, 86 So. 1.

■ Under these authorities the circuit court has all along been open for complainant's relief. One of the foundation stones of equity jurisdiction is the want of adequate remedy at law, and, this legal remedy being available to complainant, his bill is without equity. The original bill was due to be dismissed.

■ The cross-bill relates solely to the matter of the personal decree against the sheriff and the surety on his official bond—purely an action at law—and is without any independent equity. "It is the general rule, established by the decisions of this court, that a cross-bill which shows no equitable relief growing out of the subject-matter of the original bill, and which has no independent equity which would sustain the jurisdiction of the court, is carried out by the dismissal of the original bill." Anders v. Sandlin et al., 191 Ala. 158, 67 So. 684, 687; Emens v. Stephens, ante, p. 295, 172 So. 95.

Numerous other authorities from this state are found cited in 21 Corpus Juris, 514, which are to like effect, and in harmony with the prevailing view elsewhere.

Whether under the peculiar facts the cross-bill should have been retained, even though complainant to the original bill had been awarded relief, is a matter not here presented or considered, but presents a question of interest and upon which divergent views may be entertained. Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768. Upon that question we express no opinion, as the cross-bill

under 'the principle of Anders v. Sandlin, supra, was due to be dismissed along with the original bill.

It results, therefore, that, in our opinion, both the original and cross-bill should have been dismissed.

The decree is reversed and one here rendered dismissing both the original bill and the cross-bill.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.