183 So. 688

### BRYANT v. PETERSON et al.
### 7 Div. 385.

Court of Appeals of Alabama.

Oct. 4, 1938.

John A. Darden, of Goodwater, for. appellant.

E. L. Smith, of Sylacauga, for appellees.

RICE, Judge.

In two counts of a complaint—unchallenged by demurrer—appellant sought to recover of appellees a sum said to be due on certain "written and waived instruments" executed by appellees and owned by appellant.

After appellees' counsel had "tried his hand," so to speak, at drawing some pleas, an agreement appears to have been reached to "plead in short by consent," i. e. that defendants should have the right to give in evidence any matter which would be a defense if properly pleaded; and that plaintiff should have the right to give in evidence in reply thereto any matter proper to be so offered if properly pleaded.

Upon the above pleadings the cause was tried. And nothing new or novel is presented here.

The controlling issue was simply one of fact—that is, whether or not appellee Arthur Peterson had discharged his admitted indebtedness to appellant by the performance of a certain agreement which he and his witnesses claimed appellant agreed to accept in accord and satisfaction of the claim.

The jury, as appears, found in favor of appellees' contention. And that, essentially, sums up the situation.

Much of appellant's brief, here, consists of argument for error to reverse, in that the trial court wrongfully set aside a judgment by default which had, prior to the trial, been rendered against appellees.

But, as we understand the matter, what was said by our Supreme Court in the case of Ex parte Gay, Sov. Camp. W. O. W. v. Gay, 213 Ala. 5, 104 So. 898, precludes our even noticing, on this appeal, the action referred to.

[2] Again, much argument is addressed, more or less generally, to reversible error supposed to exist in the attitude— hostile to appellant's cause—manifested by the learned trial judge during the trial of the case.

But, if we were to admit—which we do not—that such a question is properly presented for our consideration, we confess ourselves unable to discover any tenable basis for the contention urged.

So far as we can see, the bill of exceptions discloses no more than that the judge trying the case was attentive to see that the respective contentions of the parties were fully developed in the evidence. Surely no criticism could rightfully be made of his efforts in this regard.

 The motion for a new trial admittedly not being filed within thirty days from the date of the rendition of the judgment, the trial court, of course, acted properly in refusing to consider it. Code 1923, § 6670.

In none of the matters urged upon our attention do we find error prejudicial to appellant's rights; and the judgment must be affirmed.

It is so ordered.

Affirmed.