194 So. 425

## PATTON v. STATE.

### 5 Div. 81.

Court of Appeals of Alabama.

Feb. 27, 1940.

R. C. Wallace, of La Fayette, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The indictment in this case charged appellant, defendant below, with the offense of murder in the second degree, in that, he "unlawfully and with malice aforethought killed Ted Burton, by shooting him with a pistol, but without premeditation or deliberation," etc. Upon arraignment, and before entering upon the trial, the defendant in answer to the indictment filed demurrer thereto, which demurrer was overruled, and properly so, by the court. The trial was had upon the plea of not guilty, and resulted in the conviction of the defendant of murder in the second degree, as charged in the indictment. The jury, as the law requires, fixed his punishment. The term of imprisonment thus fixed was imprisonment for ten years. Whereupon the court duly and legally adjudged the defendant guilty in accordance with the verdict of the jury, and sentenced the defendant to imprisonment in the penitentiary for the term of ten years. From the judgment of conviction, pronounced and entered, this appeal was taken.

The cause was finally submitted in this court on December 21, 1939, the submission being had upon "Motion and merits."

The motion referred to was to strike the bill of exceptions on the grounds:

"2. That it affirmatively appears from the record that no compliance has been had with Section 6433 of the Code of Alabama, 1923, in that the bill of exceptions was not presented to the Trial Judge within ninety days from the day on which judgment was entered.

"3. That it affirmatively appears from the record that there has been no proper judgment on the motion for a new trial and that the bill of exceptions was not presented to the Trial Judge within ninety days from the date of judgment of conviction in said cause, as required by Section 6433 of the Code of Alabama, 1923."

We ascertain from the record the trial of this case, in the lower court, was had, the cause determined, and judgment of conviction entered, on March 13, 1939. It further appears from the record that the bill of exceptions was filed in the office of the clerk of the court, on July 22, 1939, and that said bill of exceptions was forthwith delivered or forwarded to the trial judge and received by him, as the endorsement of the trial judge discloses, on the 27th day of July 1939, and that said judge approved and signed same on the 1st day of August 1939.

It appears from the foregoing, that the grounds of the Attorney General in support of the motion to strike the bill of exceptions are sustained and the motion is in point, and well taken. It is, therefore, the order and judgment of this court that the foregoing motion is granted, and the bill of exceptions is stricken accordingly.

No brief has been filed in behalf of appellant, but after reading the record, we are inclined to the opinion, that appellant was under the impression the presentation of his bill of exceptions, as above indicated, was in ample time, under the Statute for that within thirty days from the date of the judgment in this case defendant made motion for a new trial. This cannot obtain, however, for the reason it affirmatively appears that the motion for a new trial, though, as stated, being filed in time, was not called to the attention of the court as the Statute requires (section 6670, Code 1923) and no action or ruling thereon by the court was invoked or had until many days after the lapse of thirty days from the date of the judgment.

As insisted by the Attorney General: "It is a well established principle of law that a motion for a new trial must not only be filed, but must also be heard or continued, within thirty days from judgment. Therefore, the trial court lost all jurisdiction over the motion for a new trial at the end of thirty days from the date of judgment, and its order overruling the motion for a new trial on the tenth day of May was void and so cannot be considered on this appeal. Section 6670 of the Code of Alabama, 1923; Mount Vernon Woodbury Mills v. Judges, 200

Ala. 168, 75 So. 916; Ex parte Margart, 207 Ala. 604, 93 So. 505."

The foregoing order, striking the bill of exceptions, leaves only the question of the regularity of the record, which in this instance includes the action of the court in overruling the demurrer to the indictment. We have at the outset already stated, the court properly overruled the demurrer, and will here discuss this question more fully.

The indictment in this case charged that "J. D. Patton, whose Christian name is to the grand jury unknown, * * *." Defendant demurred to the indictment and set out as grounds that the indictment fails to state the name of the party charged and that the word "otherwise" is omitted from the indictment.

It is well settled that an indictment of one by the initials of his Christian name and his full surname is sufficient with the averment that defendant's Christian name is unknown. Section 4537, Code of Alabama, 1923; Rogers v. State, 154 Ala. 75, 45 So. 221; O'Brien v. State, 91 Ala. 25, 8 So. 560.

The question as to whether the defendant was correctly named is not presented here, as same cannot be raised by demurrer to the indictment, but must be raised by a plea in abatement, stating his true name. Morningstar v. State, 52 Ala. 405; Gerrish v. State, 53 Ala. 476; Dunning v. State, 21 Ala.App. 318, 108 So. 82.

The question raised by the defendant in his demurrer to the indictment is whether or not the omission of the word "otherwise" from the indictment renders it invalid. We think it evident that it does not. Section 4537 of the 1923 Code of Alabama provides as follows: "4537. Name or description of defendant when unknown.—The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification."

The foregoing is conclusive of this appeal, but nevertheless we have carefully read the entire record and find that no error of a reversible nature appears in any of the court's rulings upon the trial of this case. Therefore, the order here entered, supra, can in no manner work injury to the substantial rights of the accused, for, as stated, if the bill of exceptions had been presented so that this court could have considered all questions pre-

sented thereby, no error appearing in any ruling of the court, it would of course have necessitated the same conclusion here announced.

There appearing no error on the record, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.