196 So. 170

## EVETT v. STATE.

## 8 Div. 985.

Court of Appeals of Alabama.

May 14, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

It now appears that by the return to the writ of certiorari ordered in this case the corrected transcript shows an indictment in regular form against appellant. And that the proceedings leading to his conviction were in all respects conducted in the form prescribed by law.

It further affirmatively appears that he was convicted and sentenced on September 15, 1938; that his counsel filed a motion to set aside the verdict of the jury, and the judgment rendered thereon, on September 29, 1938; but that said motion

was not noticed by the court until December 19, 1938, upon which date an order was entered continuing the motion to March 13, 1939. And that upon this latter date an order was made continuing said motion to September 11, 1939, when it was overruled and denied—defendant excepting.

It thus affirmatively appears that on December 19, 1938, when the purported order to continue said motion to March 13, 1939—and thence on to September 11, 1939, when it was overruled—was made, the court had lost all power over said motion; and the said "order" was null, void, and of no effect. Code 1923, Sec. 6670. This is true because the Code section cited requires that in order for the trial court to retain jurisdiction over the judgment entered on September 15, 1938 beyond thirty days after that date, a motion for a new trial must not only be filed within that time—as was done in this case—but said motion must within that time be "called to the attention of the court and an order entered continuing it for hearing to a future day"—which was not done in this case.

The "order" entered on September 11, 1939, purporting to overrule appellant's motion for a new trial, amounting to nothing, the date from which to measure the time within which appellant had to present his bill of exceptions was September 15, 1938—the date of his conviction.

Said bill of exceptions was not presented until and before October 4, 1939—more than a year after the date of his conviction.

Manifestly, the Attorney General's motion to strike same must be granted—as it is. Code 1923, Sec. 6433. And see J. D. Patton v. State, ante, p. 215, 194 So. 425.

The record, as indicated, being regular and without error, the decision heretofore rendered reversing the judgment of conviction is set aside; the opinion therewith promulgated, withdrawn; this opinion substituted; and the judgment of conviction is affirmed.

Opinion substituted.

Affirmed.