15 So.2d 633

**NICKENS v. STATE.**

8 Div. 334.

Court of Appeals of Alabama.

Nov. 23, 1943.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

W. A. Barnett, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of manslaughter in the second degree, this appeal was taken.

Upon submission of this appeal in this court, motion was made by the State to strike the bill of exceptions on the ground that there was no compliance with Section 822 of Title 7 in this: The judgment of conviction was rendered in this case on October 26, 1942, a motion for a new trial was filed in behalf of appellant, but the said motion was not noticed or called to the attention of the trial judge until November 27, 1942, upon which said date (November 27, 1942) the court entered an order continuing said motion to December 23, 1942, upon which said date an order was made and entered overruling and denying said motion for a new trial.

It affirmatively appears, therefore, that when said order was made, overruling the motion for a new trial on, towit, December 23, 1942, the court had lost all power over the said motion for the reason that said motion was not called to his attention or noticed by the court within thirty days from the date of conviction and

sentence rendered thereon. Hence the "order" of the court in overruling the motion was abortive, was null and void and of no effect.

It thus appears the date from which to measure the time within which appellant had to present his bill of exceptions was October 26, 1942, the date of conviction; and not October 27, 1942, as stated in brief of counsel for appellant. Said bill of exceptions was not presented until, towit, March 23, 1943, which was more than ninety days from the date of conviction, conclusively showing that no compliance was had with Title 7, Section 822, Code of 1940.

■ The thirty-day statutory period for filing a motion for a new trial and calling the same to the attention of the trial court is jurisdictional, and failure to comply therewith renders any act of the trial court after the expiration of that period coram non judice. Title 13, Section 119, Code of 1940; Title 7, Section 276, Code of 1940; Evett v. State, 29 Ala.App. 370, 196 So. 170; Patton v. State, 29 Ala.App. 215, 194 So. 425; First National Bank of Birmingham v. Garrison, 235 Ala. 687, 180 So. 690; State v. Heflin, 19 Ala.App. 222, 96 So. 459; Kelley v. Chavis, 225 Ala. 218, 142 So. 423; Ex parte Byrd Contracting Co., 26 Ala.App. 171, 156 So. 579; Bryant v. Peterson, 28 Ala.App. 333, 183 So. 688.

■ The bill of exceptions in this case must be stricken upon the motion filed by appellee. The cases of Patton v. State, supra, and Evett v. State, supra, are direct authority for this conclusion and holding.

As we gather from the record, and briefs in behalf of appellant, the principal insistence of error to effect a reversal of the judgment of conviction from which this appeal was taken, is the action of the court in overruling defendant's demurrers to the indictment. (The reporter will set out the indictment in full, in the report of this case, and also the demurrers thereto as appear of record.)

In support of the foregoing insistence, able and earnest counsel for appellants, among other things, states in briefs:

"In this case there was not sufficient allegations of facts to put the defendant on notice of the charge against him so that he could properly prepare his defense, nor does it apprize Henry Nickens with reasonably certainty with the nature of this acquisition against him so that he could prepare his defense, he was denied of his proper constitutional rights in this case.

"We respectfully submit that the indictment in this cause is fately defective and that this cause should be reversed and the defendant properly indicted so that he may have a chance to properly defend himself in the next trial."

■ As will be noted, the indictment in this case contained eight counts, all of which were in the form laid down in the Code 1940 (Title 15, Form 79). We are of the opinion that the provisions of the Statutes, Title 15, Section 232 and Title 15, Section 259, Code 1940, were fully complied with. Said sections are as follows:

"§ 232. The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, * * *."

"§ 259. The following forms of indictment, in all cases in which they are applicable, are sufficient; * * *."

From what has been said we perforce must hold there was no error in the action of the court overruling the demurrers to the indictment. It would, in our opinion, be difficult to conceive of a further, or more full compliance, of the Statutes.

■■ The judgment entry discloses that the jury returned the following verdict, viz.: "We, the jury, find the defendant guilty of manslaughter in the second degree, as charged in the indictment, and fix his punishment at 10 months hard labor for the county, and assess his fine at $250.00." In accordance with said verdict, the court properly sentenced the defendant to hard labor for the county for ten months; and upon defendant's failure to pay the fine of $250 or confess judgment therefor, also assessed by the jury, the court properly sentenced defendant to ninety days hard labor to pay said fine. As to the foregoing, the judgment of conviction from which this appeal was taken is affirmed. The case must be remanded, however, to the lower court for proper sentence of the defendant to pay the costs in accordance with the provisions of the Statute, Title 15, Section 342, Code 1940, under which a sentence and judgment entry must set out the amount of cost and the time required to work it out. Tuggle v. State, 19 Ala.App. 539, 98 So. 700, and cases cited.

Affirmed. Remanded for proper sentence.