Lapsley v. Weaver.

## LAPSLEY *vs.* WEAVER.

[APPEAL FROM ORDER OF CIRCUIT COURT, DISMISSING CASE OUT OF COURT AND TAXING PLAINTIFF WITH COSTS, AFTER GRANTING A NEW TRIAL IN THE CAUSE, WHICH HAD BEEN AFFIRMED BY SUPREME COURT, ON DEFENDANT'S APPEAL.]

1. *Circuit court; jurisdiction of.*—The circuit court, neither in vacation nor in term time, hath any power to grant a new trial, on the application of the defendant, in a cause which has been affirmed in this court, on his appeal.

2. *Same.*—If such new trial is unadvisedly granted by the circuit court, it is its duty, on motion of the plaintiff in said cause, to set aside and vacate said order granting a new trial, and to strike said cause from the docket.

3. *Appeal; what such final judgment, as will authorize.*—If the circuit court refuses to do this, and on plaintiff's refusing to proceed further with said cause, the said circuit court thereupon dismisses said cause out of court, for want of prosecution, and taxes the plaintiff with the costs, such judgment is a final judgment, upon which an appeal may be taken to this court.

4. *Erroneous judgment, as in this case; what directions will be given on reversal of.*—Such a judgment is erroneous, and will be reversed and remanded, with directions, to said circuit court, to set aside and vacate said order granting a new trial and to strike said cause from the docket, and to order the clerk of said circuit court to issue execution on said judgment of said court, in favor of said plaintiff, as affirmed in this court.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. B. L. WHELAN.

All the material facts of the case will be found in the opinion.

MORGAN & LAPSLEY, for appellant.
PETTUS & DAWSON, *contra.*

PECK, C. J.—At the September term of the circuit court of the county of Dallas, in the year 1867, the appellant, said Lapsley, as plaintiff, recovered a judgment in that court, for the sum of twenty-four hundred and forty-three 16-100 dollars, against the appellee, the defendant in that court. On that judgment said defendant appealed to this court, and at the June term thereof, in the year 1868, to-wit, on the second day of July of that year, said judgment was affirmed against said defendant, and judgment rendered against him, and Thomas B. Wetmore and S. N. McCraw, his sureties in said appeal, for the amount of said judgment, ten per cent damages thereon, and interest, and the costs of this court and of said circuit court.

Afterwards, to-wit, on the twenty-second day of December, in the year 1868, the judge of the circuit court of said county, in vacation, granted a new trial in said cause. After said new trial was so granted, and before further proceedings were had in said cause, in said circuit court, to-wit, at the January term of this court, in the year 18 9, the said defendant moved this court to set aside said judgment, so affirmed, &c., as aforesaid, and to grant a new trial and rehearing of said cause in this court.

This motion was denied at the costs of said defendant and his securities on his appeal bond.

After said motion, in this court, for a new trial and rehearing had been denied, to-wit, at the March term of the circuit court of said county of Dallas, in the year 1869, the said plaintiff, in said circuit court, moved said court to set aside said order, so made in vacation, &c., as aforesaid, granting a new trial in said case, and to strike said cause from the docket of said circuit court; which motion was denied.

The said court then called said cause for trial, and required said plaintiff to state whether he was ready for trial. Said plaintiff, relying upon his said judgment, as affirmed in this court, declined further to proceed in said cause in said circuit court, because the same had been finally settled and disposed of in this court, and affirmed, &c., as aforesaid. Thereupon, said circuit court dismissed said

case out of said court, and taxed said plaintiff with the costs.

To all these rulings of said court said plaintiff excepted, and has brought the said case to this court, by appeal, and assigns the same for errors. A motion is here made by said defendant to dismiss said appeal, on the ground that said judgment is not a final judgment, &c.

The case, on said motion to dismiss, &c., and on the errors assigned, in the event said motion should be overruled, was submitted at the last term of this court, and has been held under advisement until this time.

The judgment dismissing said cause out of said circuit court, and taxing the plaintiff with the costs, is undoubtedly a final judgment, upon which an appeal may be taken to this court. The case is finally ended and determined in that court, and the plaintiff taxed with the costs, and there is an end of it. We, therefore, overrule the motion of defendant to dismiss this appeal.

On the errors assigned, we have no hesitation in reversing the judgment of the circuit court, dismissing said cause out of said court, and taxing the plaintiff with the costs. The court below fell into a very grave error, in granting said motion for a new trial, in a case which had been affirmed in this court; and in refusing to set aside the same on motion of the plaintiff, and in requiring him to go to trial in said cause, notwithstanding his said objections, and in dismissing said cause out of said court because he declined to do so, and taxing him with the costs.

The course pursued by said circuit court has strongly the appearance of setting this court at defiance, and treating its judgments with contempt; but, as the judge of said court before whom said proceedings were had, has departed this life, we forbear to say more than to pronounce them erroneous, and to reverse the final judgment by him rendered in the premises.

Let the judgment of the court below, dismissing said cause and taxing said plaintiff with the costs, be reversed, and remanded to said court below, with directions to said court to set aside and vacate the said order, granting a new trial, and to strike the said cause from the docket of said

court; and further, that said court order the clerk thereof to issue an execution on the said judgment of said court, as affirmed by this court, &c., as aforesaid, at the June term thereof, in the year 1868, and that the appellee pay the costs of this court and of the said circuit court.