156 So. 579

Ex parte R. H. BYRD CONTRACTING CO.

6 Div. 525.

Court of Appeals of Alabama.
April 3, 1934.

Rehearing Denied June 5, 1934.

Weil, Stakely & Cater, of Montgomery, for appellant.

Walter S. Smith and Andrew H. Knight, both of Birmingham, for respondent.

Locke & Creel, of Birmingham, for petitioner.

RICE, Judge.

These facts seem uncontroverted: Petitioner sued R. Du Pont Thompson. Its complaint consisting of three counts—one, in Code form for money due by "account"; one in Code form for money due for "work and labor done"; and one on contract for work, labor, materials, etc., done and furnished, etc., in the constructing of a certain building by plaintiff (petitioner here) for defendant, and claiming a lien on said "building and on one acre of land, including that on which it is located, and that immediately adjacent to the surrounding lines of said building," but describing in said count a much larger tract of land, including the *one* acre.

The case was regularly tried, beginning on January 30, 1933; verdict and judgment being returned and rendered in favor of plaintiff (petitioner) on *February 3, 1933*. The verdict of the jury was: "We the jury find for the plaintiff and assess its damages at Two Hundred Ninety-nine and 25/100 ($299.25) Dollars. We also find that plaintiff has a lien on the land, and improvements thereon as described in the complaint, and as prayed for herein."

The judgment rendered on this verdict, in addition to ordering and adjudging that "the plaintiff have and recover of the defendant the sum of Two Hundred Ninety-nine and 25/100 ($299.25) Dollars, the amount of plaintiff's debt and damages as ascertained and assessed by the jury," etc., purported to declare a lien not only upon the "improvements" upon the property "described in the complaint," but upon the whole tract (about 9½ acres) so described.

Motion for new trial was filed on February 10, 1933; overruled on March 25, 1933.

Defendant (Thompson) filed motion to retax a part of the costs on April 20, 1933; this motion was dismissed, with the consent or upon motion of defendant, on May 27, 1933.

Defendant filed a motion, on *April 29, 1933*, to set aside, vacate, and annul the judgment of *February 3, 1933*, alleging that said judgment was void because the land described in the complaint was not the land upon which the building of defendant was erected. On the 20th day of May, 1933, this motion was heard; objection to the filing of said motion

and demurrers thereto being overruled by respondent herein. Defendant then, upon said hearing, for the first time introduced testimony, over the objection and exception of plaintiff, to the effect that the property described in the original complaint was not the property on which the improvements were made. The defendant, however, admitted in such testimony that he owned the property described in the complaint. Plaintiff, on said hearing, did not introduce testimony, but moved to exclude all that mentioned which was introduced by defendant. There was no testimony adduced upon this hearing tending to show that the judgment attacked was invalid on account of *defects appearing on the record*.

On *May 27, 1933*, respondent, having theretofore, on May 20th taken same under advisement, granted defendant's motion; his action being memorialized on the minutes of the court in this language: "It is ordered and adjudged that this motion be and the same is hereby granted, verdict and judgment set aside and new trial granted, plaintiff excepts."

The plaintiff files his original petition for the writ of mandamus in this court, seeking to compel the trial judge (respondent herein) to "set aside, vacate, and annul, his decree or judgment, aforesaid, of *May 27, 1933*, and expunge the same from the records in said cause."

█ If the "decree or judgment" or order was unauthorized, it would seem beyond question that petitioner has pursued the right remedy—mandamus. Ex parte Kay, 215 Ala. 569, 112 So. 147, 148; Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304, 305.

While the application there was under the "four months' statute" (Code 1923, § 9521), yet we think the language in the opinion in the Ingram v. Ala. Power Co. Case, just cited, applicable here, not only as demonstrating clearly, that the respondent's action herein complained of *cannot* be sustained by *virtue* of this "four months' statute," but as proving the assertion we have just above made that "mandamus" is petitioner's remedy. Said language is, to wit:

"It has been definitely settled by this court that the proper and appropriate practice is to appeal from orders, judgments, or decrees which deny or refuse applications for rehearing made under the four months' statute, because such order or judgment is final, disposing of the application and the judgment sought to be set aside; but, if the application

to set aside the judgment and grant a rehearing is erroneously made, the order is not final, because it does not dispose of the case, but restores it to the docket for a new trial. In such case there is no judgment to support an appeal, and hence errors (if such have intervened) could not be reviewed or corrected on appeal. This being true, the proper and appropriate practice and remedy is by mandamus to compel annulment of improper orders, and restoration of the judgment or decree erroneously set aside, thus preventing a rehearing or new trial. * * *

"The origin, object, purpose, and effect of this statute has been frequently stated by this court. It is said that the purpose of the Legislature, in its enactment, was to afford to litigants in courts of law a remedy concurrent with, but less expensive and more expeditious than, similar relief theretofore available only in a court of equity. The statutory remedy is purely concurrent with that afforded by a court of equity, and is not at all exclusive of the latter, to which resort yet may be had, without even showing an excuse for not resorting to the former. Evans v. Wilhite, 167 Ala. 587, 52 So. 845.

"The statutory remedy in the court of law which renders the judgment sought to be set aside is the institution of a new action, suit, or proceeding, and not the mere prolongation of the one theretofore instituted in such court, culminating in the judgment sought to be set aside. The petition or application to the court to set aside the judgment and grant a rehearing must, of course, state facts sufficient to warrant the setting aside or annulling of a solemn judgment of a court of record, as the relief sought is the same as would be awarded by a court of chancery on a proper bill filed for that purpose; and as the remedy is concurrent with another, the petition or application must, of course, state the same, or similar facts which a bill in equity for that purpose would be required to state. The petition must follow in legal effect, though not in hæc verba, the language of the statute, which a bill in equity must do, and of course must be filed within four months from the rendition of the judgment sought to be set aside— which is not true as to a bill in equity filed for that purpose. The rules of pleading and practice under the statute, and those in chancery, are analogous and similar, but of course not the same in wording.

"The substance of the bill in equity, and that of the petition under the statute, however, must be the same, to warrant the relief of a rehearing. It will also be observed that the statute does not attempt to say what the petition or application shall contain, but merely states the grounds or causes for which the rehearing may be granted.

"It is a rule, applicable alike in courts of law and courts of equity, that a new trial or rehearing will never be granted to a defendant or respondent, unless it be made to appear that he has a good defense, and therefore that the judgment on another trial would probably be different from the one set aside. It would be wholly useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered. While a court of equity, or a law court acting under the statute, will set aside a judgment rendered without proper notice against a party to the suit, yet such party must both allege and prove want of notice, and that he has a meritorious defense."

The motion by defendant in the court below, upon which respondent based his action of *May 27, 1933*, as appears, was *not* under the "four months' statute," and had none of the quoted elements of a motion made under same. And an order *improperly* granting the motion that *was* made falls, it seems to us, within the purview of the principle outlined as rendering mandamus the proper remedy in the said Ingram v. Ala. Power Co. Case.

▮▮ So we proceed to inquire and decide whether or not said order of May 27, 1933, was or was not improperly made.

"After the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Code 1923, § 6670.

Under the facts hereinabove outlined, it is clear that the order made by the court on *May 27, 1933*, was erroneous or void, *unless* the judgment of *February 3, 1933*, was, itself apparently, from the record, void and of no effect. In this latter case, of course, the court had the right, at *any* time, to expunge it from the records. Hobson-Starnes Coal Co. v. Ala. Coal & Coke Co., 189 Ala. 481, 66 So. 622; 34 C. J. 217; Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372.

As said in the opinion in the case of Hobson-Starnes Coal Co. v. Ala. Coal & Coke Co.,

cited: "Independent of—unaffected by—the practice act in force in Jefferson county's circuit court, whereby the power of the court over final judgments is restricted to 30 days after their rendition, that court, at any and all times, has the inherent power to remove from its records a void judgment"—it being understood, of course, that the last quotation has reference to a judgment which is "void on its face," or *apparently* void. Otherwise the law is, that a judgment "cannot be vacated and annulled at a subsequent term of the court (or after thirty days, as here, under our statute hereinabove quoted), either on the motion of a party, or by the court ex mero motu." Ex parte Kay, supra.

As said in the opinion in the Ex parte Kay Case, just cited: "It (a judgment) may * * * be impeached at any time—barring laches, of course—at the suit of the injured party. * * * In the absence of such a proceeding, properly invoking this remedial and revisory jurisdiction of the court, it is without power to vacate or annul * * * any * * * final judgment, *not void on its face*." (Italics ours.)

Now was the judgment rendered on *Feb. 3, 1933*, "Void on its face?"

Obviously, as it appears to us, this question must be answered in the negative. As said in 40 C. J. at page 494: "The remedy by way of enforcement of a mechanic's lien is ordinarily regarded as cumulative, and *as a rule* in an action to enforce a lien there may be both a judgment establishing the lien * * * and also a personal judgment in favor of claimant." (Italics ours.) This *rule* is the law of Alabama. See citations to the quoted excerpt from 40 C. J. 494.

In the instant case the "personal judgment in favor of claimant" (plaintiff, below, petitioner here) rendered on February 3, 1933, was without question and clearly sufficient in all things. If the judgment purporting to fasten a lien upon defendant's property was improperly rendered, this, as we read the cases, was but an error which might have been corrected by an "amendment nunc pro tunc." See Ex parte Schmidt & Smith, 62 Ala. 252; also, McGeever v. Harris & Sons, 148 Ala. 503, 41 So. 930; also, Bedsole v. Peters, 79 Ala. 133.

The order made by respondent on May 27, 1933, was without authority and void.

Let the writ issue as prayed.

Mandamus awarded.