199 So. 711

**SOUTHERN RY. CO. v. MILAN.**

**8 Div. 78.**

Supreme Court of Alabama.

Dec. 19, 1940.

Stokely, Scrivner, Dominick & Smith, of Birmingham, Brown, Scott & Dawson, of Scottsboro, and A. H. Carmichael, of Tuscumbia, for petitioner.

334

Proctor & Snodgrass, of Scottsboro, for respondent.

GARDNER, Chief Justice.

■ The Court of Appeals in approving the action of the trial court in giving written charge "3" requested by the plaintiff rested the ruling upon the decision in Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 So. 534, upon plaintiff's given charge "3" in that case. Clearly enough, charge "3" in the Harrison case, supra, might well have been refused as bad in form by requiring a reference to the pleadings in the cause.

Charges so framed have been frequently condemned. Birmingham Ry. Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013; Pennsylvania Fire Ins. Co. v. Draper, 187 Ala. 103, 65 So. 923; Miller v. Johnson, 189 Ala. 354, 66 So. 486; Alabama Great South-ern R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84.

What is said in the Harrison case, supra, concerning the charge "3" there considered is not to be interpreted as an approval thereof in regard to these deficiencies and it is clearly indicated by the opinion that though the charge may be considered ambiguous, misleading and otherwise faulty in form, the action of the court in giving said charge did not constitute error to reverse.

■ But we think in the instant case the Court of Appeals has failed to note a distinguishing feature between the Harrison case and the one here considered. In discussing charge "3" in the Harrison case [203 Ala. 284, 82 So. 541], the opinion distinctly states "there was no plea of contributory negligence". But here there was a plea of contributory negligence and this constituted one of the issues in the cause. The charge here in question wholly ignores the issue of contributory negligence and should have been refused.

Nor are we prepared to agree that the error as to the disqualified juror Proctor was error without injury. A struck jury was demanded. Section 8663, Code 1923. Alternate strikes are allowed each party as to the jury list of twenty-four, the party demanding the jury commencing.

■ Defendant's objection to juror Proctor, it is held, should have been sustained, but was overruled, and defendant was required, in order to eliminate the disqualified juror, to exercise a strike privilege, to so designate it. Defendant was accordingly deprived of a substantial right, and we do not consider that Supreme Court Rule 45 here applies. As said in Morris v. McClellan, 169 Ala. 90, 53 So. 155, 156, "When a struck jury is demanded, both sides are entitled to a list containing 24 fair and impartial jurors and should not be subjected to the peril of having a juror put upon them who is disqualified to sit as a juror in the case." See, also, O'Rear v. State, 188 Ala. 71, 66 So. 81.

For the errors indicated, the writ will be awarded and the judgment of the Court of Appeals reversed and the cause remanded to that court for further consideration.

Writ granted. Reversed and remanded.

All the Justices concur.