167 So.2d 912

Lee MARTIN

v.

STATE.

6 Div. 4.

Supreme Court of Alabama.

March 19, 1964.

**PER CURIAM.**

The Honorable Court of Appeals

Re: Your questions propounded to this Court, February 24, 1964 with reference to § 4 of Act No. 526 of September 16, 1963.

While some of your questions are not pertinent to the pending case, to each question our answer is "No".

All the Justices concur in the foregoing; but LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., think the following explanation should be made.

We think it is a matter of common knowledge that Act No. 526, approved September 16, 1963, was enacted by the Legislature to enable the courts of this state to comply with recent decisions of the Supreme Court of the United States which relate to the trial of indigent defendants, among which are Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, both decided on March 18, 1963.

In Gideon it was held that the failure of a Florida trial court to appoint counsel to represent an indigent defendant charged with a non-capital felony was a denial of

due process of law. In reversing the judgment of the Supreme Court of Florida, which had affirmed Gideon's conviction, the Supreme Court of the United States overruled its decision in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

In Douglas it was held in effect that the Fourteenth Amendment to the Federal Constitution was violated where a state appellate court denied an indigent appellant's request for appointment of counsel on appeal, under a state (California) rule of criminal procedure authorizing such denial where upon an independent investigation of the record the appellate court determines that the appointment of counsel would be of no value to either the defendant or the court. Douglas and a co-defendant had been convicted of felonies.

Even the intelligent and educated layman has small and sometimes no skill in the science of the law and in the supervision of the preparation of a record for appeal. Certainly the average indigent defendant is even more inadequately equipped.

■ An indigent defendant should not be denied the right to counsel on appeal simply because the record transmitted to the appellate court fails to show a compliance with the terms and provisions of § 4 of Act No. 526, supra.

In regard to your abstract questions of law certified to us, we make the following responses.

■ We do not think that a judgment in a criminal case should be forthwith reversed simply because the record fails to disclose that the findings referred to in §§ 1 and 4 of Act No. 526, supra, are included in the record on appeal. It is our view that if no such findings are included in the record, the State should seek to have the record corrected by petitioning for a writ of certiorari to be directed to the clerk of the circuit court to transmit to the appellate court the findings presumably made by the trial judge and the action taken on those findings, if any. If the return to the writ shows that no such findings were made, then, in our opinion, the cause should be remanded to the trial court so that such findings may be made and included in a corrected record to be returned to the appellate court. If a trial judge should refuse to make the required findings, a situation which we do not believe will present itself, then the extraordinary writ of mandamus may be resorted to to have such findings made.

■ In regard to your second question, it is our opinion that the provisions of § 4 of Act No. 526, supra, do not contemplate that the presiding judges of the appellate courts of this state are to make the same ascertainment and findings required of the trial judge. It is our view that the presiding judges are to act on the findings made by the trial judge where the trial judge, after making the findings, fails to appoint counsel. However, we believe that the presiding judges have the inherent power and authority to make such inquiries as are necessary to assure an indigent appellant, who desires counsel on appeal, to have counsel appointed.

In regard to the matter of appointment of counsel, some of the provisions of §§ 4 and 6 of Act No. 526, supra, must be viewed in the light of the holding of the Supreme Court of the United States in the Douglas Case, supra.

■■ In response to your third question, it is our opinion that it is not necessary for the record presented on appeal to show that the appellant was questioned as to need for counsel to prosecute an appeal except to determine whether or not the defendant is able financially or otherwise to obtain the assistance of counsel where an appeal has been indicated and the defendant has expressed a desire for the assistance of counsel. As we understand the holding in the Douglas Case, supra, an indigent defendant is entitled to have counsel appointed on "the first appeal" if request therefor is made.

■ In regard to your question No. 4, it is our opinion that it cannot be presumed that an appellant is represented by counsel in the appellate court where no brief has been filed or argument made, irrespective of whether the appellant was represented in the trial court by counsel of his own choosing or by court-appointed counsel.

So, our answer to each of your abstract questions is in the negative.