205 So.2d 239

Donald Eugene CATON

v.

STATE of Alabama.

6 Div. 425, 425–A.

Supreme Court of Alabama.

Nov. 9, 1967.

On Rehearing Dec. 7, 1967.

Donald Eugene Caton, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Defendant was convicted for burglary in one case and for unlawful possession of drugs in another. His sentence was two years' imprisonment in each case. He appealed to the Court of Appeals where the convictions were affirmed. He applied to the Supreme Court for certiorari and we granted the writ.

We are of opinion that two grounds of the petition for certiorari based on denial of constitutional rights have merit, to wit:

1. That the trial court erred when it refused to appoint counsel to represent defendant on appeal; and

2. That the trial court erred "when it refused to furnish petitioner a copy of the trial record in order that he might perfect his own appeal after it had refused to appoint counsel to prepare the appeal."

On arraignment in each case, the trial court determined that defendant was without counsel and unable to employ counsel. The court appointed an attorney to represent defendant on the burglary indictment and a different attorney to represent defendant on the other indictment. Defendant pleaded not guilty to each indictment and both cases were set for trial March 21, 1966.

On April 13, 1966, defendant and both attorneys came before the court, and defendant withdrew his pleas of not guilty, pleaded guilty, and was adjudged guilty and sentenced in each case.

A substantially identical judgment entry in each case, dated May 10, 1966, recites that the defendant filed written notice of appeal on April 19, 1966, and attached thereto an affidavit *in forma pauperis* ". . . . requesting an attorney to represent him on said appeal. No request for stay of sentence has been filed. It is therefore considered, ordered and adjudged by the Court that the Court has no jurisdiction to fix bond or appoint counsel under Title 15, Section 368 of the 1940 Code of Alabama. It is further ordered by the Court that the Clerk prepare a transcript under the provisions of Title 15 Section 379 of the 1940 Code of Alabama and that defendant's request for appointment of counsel is hereby denied."

No question is presented with respect to fixing bond and we do not consider any such question.

The clerk did prepare and send to the Court of Appeals a transcript of the proceedings as required by § 379 of Title 15, and, for aught that appears, the clerk performed all the duty imposed on him by § 379. Defendant's complaint is that he was not provided with a copy of the record ". . . . in order that he might perfect his own appeal after it (the trial court) had refused to appoint counsel to prepare the appeal." We discuss hereinafter the copy of the transcript not furnished to defendant.

There is no testimony in the record and, for aught that appears, no testimony was taken in the trial court. On such a record, the only question presented for review is the regularity of the proceedings in the trial court. Harper v. State, 264 Ala. 510, 88 So.2d 788; Goins v. State, 267 Ala. 443, 103 So.2d 184.

The record indicates that defendant is without financial means to employ counsel and that the court so found. Within six days after sentence, defendant filed written notice of appeal and request for appointment of counsel. This request for counsel was denied for the reason that "No request for stay of sentence has been filed."

§ 368, Title 15, recites:

"Appeals in criminal cases must be taken at the time of sentence or confession of judgment, or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered; or, (b) The filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment, the statement to be filed within six months; provided, however, that the trial court shall retain jurisdiction of the cause for the purpose of hearing and determining a motion for a new trial, seasonably made, and any appeal from a judgment of conviction shall also raise the question of the correctness of the court's ruling on a motion for a new trial made within the time allowed, and in the manner prescribed by law."

Section 4 of Act No. 526, approved September 16, 1963, Acts of 1963, page 1136 [1958 Recompilation of Code, 1965 Pocket Parts, Title 15, § 318(4)] recites:

"Section 4. In all criminal cases wherein a defendant has been convicted of a serious offense in which an appeal lies directly to the supreme court or court of appeals, and if said defendant expresses his desire to appeal said conviction, the court shall cause to be entered upon its minutes a recital of notice of appeal. The court shall then ascertain and make findings in reference to the appeal concerning those items listed as 1, 2, and 3 in section 318(1) of this act.

"If it appears that defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and defendant expresses the desire for assistance of counsel the trial court shall appoint counsel to represent and assist defendant on appeal. The presiding judge of the court to which the appeal is taken shall have authority to appoint counsel in the event the trial court fails to appoint, and in the event it becomes necessary to further provide for counsel. It shall be the duty of such counsel as an officer of the court and as a member of the bar to represent and assist said defendant in the appeal."

Under subdivision (b) of § 368, Title 15, quoted above, a defendant may, within six months after the time of sentence, take an appeal from the judgment by "The filing of a written statement signed by the defendant . . . . that defendant appeals from the judgment . . . ." In the instant case, defendant filed such written notice within six days after the day of the judgment.

We are not aware of any reason why a defendant, who does not ask for suspension of judgment at the time of sentence, may not, if he possesses financial means, employ counsel to represent defendant on the appeal. Neither have we been advised why a defendant, who has not asked suspension of judgment, is not entitled to appointment of counsel as provided by Section 4 of Act No. 526 [§ 318(4), Title 15, 1958 Recompilation], supra. The declared purpose of the act is to provide counsel for indigent defendants. This court has said:

"We think it is a matter of common knowledge that Act No. 526, approved September 16, 1963, was enacted by the Legislature to enable the courts of this state to comply with recent decisions of the Supreme Court of the United States which relate to the trial of indigent defendants, among which are Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, both decided on March 18, 1963." Martin v. State, 277 Ala. 153, 155, 167 So.2d 912.

In Douglas v. State of California, supra, the court considered the California system of appointing counsel for indigents on their first appeal. In that case, defendants had requested but had been denied assistance of counsel on appeal by the California District Court of Appeal after the District Court had "gone through" the record and had come to the conclusion that "no good whatever could be served by the appointment of counsel." The District Court of Appeal was acting in accordance with a state rule. The Supreme Court of the United States, in vacating the judgment of the California Court said:

". . . . Absolute equality is not required; lines can be and are drawn and we often sustain them. See Tigner v. Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L. Ed. 1124; Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163. But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.

"When an indigent is forced to run this gantlet of a preliminary showing of merit, the right to appeal does not comport with fair procedure. . . . . In California, however, once the court has 'gone through' the record and denied counsel, the indigent has no recourse but to prosecute his appeal on his own, as best he can, no matter how meritorious his case may turn out to be. The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between 'possibly good and obviously bad cases,' but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor

man cannot. There is lacking that equality demanded by the Fourteenth Amendment where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself. The indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal." (372 U.S. at pages 357 and 358, 83 S.Ct. at 816 and 817)

We are aware that the instant appeal is from a judgment based on a plea of guilty. A defendant with financial means, however, if he desire it, can have full scale review of such a conviction and the assistance of counsel. According to Douglas v. State of California, supra, the court, to which a defendant's first appeal is taken as of right, cannot deny defendant's request for counsel without depriving the defendant of Fourteenth Amendment rights; i. e.; due process, *Gideon*; equal protection, *Douglas.*

We are of opinion that the record in the case at bar shows that the trial court erred in denying defendant's request for counsel to represent defendant on his appeal to the Court of Appeals.

Defendant's second contention is that the trial court erred when it refused to furnish him a copy of the record to be used by him to "perfect" his own appeal. We have already said that the clerk of the trial court did prepare and send to the Court of Appeals a copy of the record for use in and by the Court of Appeals. What defendant is complaining about is a second copy of the record for his own use in preparing his appeal. The record before us does not disclose whether the trial court furnished a copy of the record to defendant for his own use or not, and, because the record

does not disclose this fact, we are not persuaded that we could justify a reversal for failure to furnish to defendant a copy of the record for his own use. In view of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and the tenor of *Gideon* and *Douglas*, however, we feel that it is our duty to respond to defendant's second contention.

In *Griffin*, the court considered the right of an indigent defendant to a free record, including a transcript of the evidence, to enable defendant to obtain adequate appellate review which Illinois law gave to defendants who had money to pay for a record. The Supreme Court of the United States held that failure to furnish a record to an indigent defendant was a denial of constitutional rights. The court said:

". . . There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." (351 U.S. at page 19, 76 S.Ct. at page 591)

In response to the holding in *Griffin*, the Legislature passed Act No. 525, approved September 16, 1963, Acts of 1963, page 1129 [1958 Recompilation of Code, Pocket Parts, Title 15, § 380(14) et seq.]. The purpose of Act No. 525 is stated as follows:

". . . It is the purpose of this act to provide such defendants or petitioners with a transcript of the evidence or a part thereof and a record for a proper and equal review in certain criminal cases and such other cases wherein it is made to appear that a convicted defendant is indigent and desires to take an appeal and obtain a judicial review of matters that occurred at his trial, or hearing."

It would be an idle thing to appoint counsel for defendant on appeal and to deny to counsel a copy of the record of the trial on which the appeal is based. A defendant

with money can purchase a copy of the record for use by his counsel. Under *Griffin* and the other cases cited above, we are of opinion that the state is required either to furnish to defendant a copy of the record for use by defendant's counsel in prosecuting defendant's appeal or to be subject to the consequences of denial of equal protection.

In each case, the judgment of affirmance is reversed and the cause is remanded with directions that the Court of Appeals cause counsel to be appointed to represent defendant on his appeal to that court. A copy of the record should be furnished for use by defendant's counsel.

Reversed and remanded with directions.

All the Justices concur.

On Rehearing

HARWOOD, Justice.

After concurring in the opinions and judgments reversing the judgment of the Court of Appeals in these cases, I became doubtful of the correctness of the judgments of reversal entered by this court and therefore had these cases placed on rehearing in order that I might have the benefit of further study and deliberation.

As a result of this further study and deliberation, I have reached the conclusion that the judgments of affirmance entered by the Court of Appeals without opinions should be affirmed.

My reasons therefor are as follows:

The opinion of this court, prepared by Judge COLEMAN, relies heavily upon the majority opinion of the United States Supreme Court in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

The factual situation in *Douglas* is so variant from the facts present in the cases now under consideration as to render *Douglas* inapplicable.

In *Douglas* the appellant was jointly tried with a co-defendant on an information charging the two defendants with 13 felonies, which included robbery, assault with a deadly weapon, and assault with intent to commit murder. A jury found the defendants guilty of all 13 charges.

The majority opinion in *Douglas* recites at its beginning that the public defender at the start of the trial moved for a continuance stating that "the case was very complicated." This motion for a continuance was denied and a full trial was apparently had resulting in a verdict of guilty under all 13 charges.

In the two cases now before us for review the appellant Caton, being an indigent, was provided with counsel.

At his arraignment in each respective case, accompanied by counsel, he entered a plea of not guilty.

Some two and a half months after his arraignment in each case, and as each case was called for trial, the appellant, accompanied and represented by counsel, withdrew his plea of not guilty, waived a jury trial, and entered a plea of guilty in each case.

After allocutus the court imposed a sentence of two years in each case.

Thereafter the appellant duly perfected an appeal in each case to the Court of Appeals. The appeals were of course upon records proper, no evidence having been received. That is, each record contained copies of the indictment, arraignment, and judgment which recited the withdrawal of the plea of not guilty, and the defendant's plea of guilty.

The indictment, arraignment, and judgment in each case are in due and proper form, and the sentences imposed are well within the limits fixed by statute for the respective offenses. No rational attack

could be made upon any portion of the record in either case now before us.

The basis of the reasoning of the majority of the Justices in *Douglas* appears to be that unless an indigent is furnished counsel on appeal, there can be no equal justice since in the kind of appeal such indigent appellant would enjoy would depend on the money he has. For, the court observes, "The indigent, *where the record is unclear or the errors hidden,* has only the right to a meaningless ritual, while the rich man has a meaningful appeal." (Emphasis ours.)

By the same token, if a record is an uncomplicated record proper, and it is obvious that no error infects the record, and that no point could be validly or sensibly presented by the most competent counsel, then to go through the form of having counsel appointed on appeal in such a case is not only meaningless but amounts to merely an exercise in utter futility.

It is common knowledge that often appeals are perfected after a plea of guilty, and that usually such appeals are merely to delay the ultimate and inevitable imprisonment of the appellant. If an appellant has the means to afford this useless extravagance such a course is his right. Whether represented by counsel for not, the result necessarily would be an affirmance of the judgment. If an indigent desires to appeal, he has the same right in perfecting an appeal as if he were rich.

We know of no constitutional basis, however, requiring that the state be compelled to furnish him with counsel and to pay the costs thereof when, at the outset, it is perfectly clear and obvious from an uncomplicated record, that the furnishing of counsel would be only a gesture pure and simple. We can read no invidious distinction between justice accorded the rich and that accorded the poor in such a situation.

Under the provisions of Section 318(4), Title 15, Code of Alabama 1940, set out in full in the original opinion, the Presiding Judge of the court to which an appeal is taken has the authority to appoint counsel to assist an indigent on appeal, in the event a trial court fails to appoint such counsel, and in the event it becomes necessary to provide such counsel.

Implicit in the affirmance by the Court of Appeals of the judgments in the present cases is that the Presiding Judge of that court, examining the two records, concluded, and correctly so, that no attorney could have presented anything in argument and brief that would not amount to trifling with his own intelligence and the intelligence of any reviewing court. No attorney should be forced into such a position merely for the sake of futile form.

Section 389, Title 15, Code of Alabama 1940, provides that in appeals in criminal cases the appellate court to which an appeal is taken must consider all questions apparent on the record or reserved by bill of exceptions (now transcript of the record which includes a transcript of the evidence, if evidence be taken) and must render such judgment as the law requires.

This codal provision in and of itself would strongly tend to protect all the constitutional rights of an appellant. This court and the Court of Appeals have through the years conscientiously met the duty cast upon them by the requirements of this statute, whether or no counsel appear for the appellant and whether or no briefs be filed in his behalf.

Admittedly under recent federal decisions it is doubtful that the provisions of Section 389 are now sufficient in all cases, and counsel must be furnished an indigent appellant "where the record is unclear or the errors are hidden." We take this to mean that where an accused pleads *not guilty,* and a trial results, then there is a possibility of an unclear record or of hidden errors, and in all such cases

the indigent appellant should be furnished counsel.

In this light, we have no quarrel with the doctrine enunciated in *Douglas*, involving as it did a trial on a plea of not guilty to 13 charges, several of which were of a serious nature. There the trial was a complicated one, and undoubtedly the ruling of the court must have been often invoked. This was a fertile ground for the production of hidden errors, and the appellant would be in real need of counsel on appeal and undoubtedly counsel in such a situation would be of assistance to the reviewing court.

But where, as here, the judgments were entered on *pleas of guilty* by a defendant who had the benefit of counsel in every stage of the proceedings below with no exceptions being taken, and where no evidence was introduced, and the appeal record consists only of an uncomplicated record proper, which is in every way in due and legal form, it is the view of the writer that such factual situation entirely removes the consideration of the present appeal from the influence of *Douglas* in the aspect of the requirement of counsel for an indigent appellant. "Out of the facts the law arises."

I would grant the rehearing, and affirm the judgments of the Court of Appeals.

Rehearing granted; judgment of reversal set aside; judgment of Court of Appeals affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, and MERRILL, JJ., concur.

COLEMAN, J., adheres to his original opinion and dissents from the opinion on rehearing.

LAWSON, J., joins with COLEMAN, J., in his dissent.