207 So.2d 662

**George JOHNSON**

**v.**

**STATE.**

**4 Div. 297.**

Supreme Court of Alabama.

Feb. 22, 1968.

**678**

John W. Gibson, Troy, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This appellant, George Johnson, stands adjudged guilty under an indictment charging him with robbery, the sentence imposed being confinement in the penitentiary for twenty-five years.

The record shows that the appellant was represented by court appointed attorney at every stage of the proceedings below.

The appellant, while in jail under a charge of robbery, executed on 9 September 1966, a written waiver of a preliminary hearing, stating therein that he did not plead guilty to the charge. This written waiver of a preliminary hearing was attested by his attorney.

Thereafter, the appellant and his attorney filed a written waiver of a special venire. A copy of the regular venire was duly served upon the appellant.

When the case was called for trial, and after a jury was empaneled, the record shows the following:

"MR. STEPHENS: That indictment charges a crime known in the law of Alabama as robbery. The defendant originally entered a plea of not guilty to this charge, and today he has changed his plea from not guilty to guilty. The law requires in this type case that the jury return a verdict. We have entered into an agreement with the defendant, in so far as we can, in taking a plea of guilty and for a jury to return a verdict

in this case for twenty-five years. The Court will explain to you in his charge the returning and the form of the verdict.

"For the purpose of this we will put on a prima facie case. That is, the necessary evidence to make out a case of robbery and at that time the Court will then further explain the jury's duties to you.

"MR. GIBSON: May it please the Court, Ladies and Gentlemen of the Jury, the defendant does agree and does confirm this agreement and does enter his plea of guilty at this time." The judgment of the court also recites:

"This the 14th day of November, 1966, in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorneys and petitioned the Court to permit him to withdrawn (sic) his plea of not guilty on arraignment and plead guilty to a charge of robbery, Whereupon, the Court questioned the defendant, his attorneys and it is of the opinion of the Court that defendant's request is voluntary and done with full understanding of the nature of the request and plea of guilty, The Court permits the defendant with his attorneys present in open court to plead guilty to the indictment wherein the offense of robbery is charged. The defendant thereupon in open court pleads guilty to robbery."

After the jury was selected, the State presented as a witness Albert B. Thompson, who testified that at about 11:30 P.M., on 31 August 1966, he drove his delivery truck into a parking space in front of a bakery in Troy, Alabama.

The appellant approached his truck and asked for a cigarette. As Johnson was reaching into the glove compartment for cigarettes, the appellant "came in the truck on top of me with a blade."

With a knife at Johnson's neck, the appellant removed Johnson's billfold and took

thirty-five dollars in bills therefrom, then threw the billfold on the floor of the truck.

No objections were interposed to Johnson's testimony, and indeed no valid objections could have been interposed.

Other than Johnson's short recital of the facts of the robbery, the record is here on the formal parts, all of which are in due and proper form.

After the reception of Johnson's testimony, the court gave full oral instructions to the jury which retired to the jury room and thereafter returned its verdict.

Upon being asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him, the appellant replied he had not.

Upon the next to last day of the six month period allowed for giving notice of appeal, the appellant filed a written notice of appeal and requested he be furnished a free transcript of the testimony and that an attorney be appointed to represent him on appeal. An attorney was appointed, and a record of the proceedings below has been filed in this court.

We have received no brief from the attorney appointed to represent the appellant on appeal. However, the judgment was entered upon appellant's plea of guilty. Appellant had the benefit of counsel at every stage of the proceedings. The judgment recites that the appellant and his attorney were fully questioned by the court as to appellant's desire to enter a plea of guilty, and the court concluded that the plea was voluntary and entered with a full understanding of its nature. The only evidence submitted was a short statement by the victim which established the offense charged. No objections were interposed and as before stated, no valid objections could have been interposed to any of this testimony.

The record is in all respects regular, and in no way complicated, and furnishes no possible source of hidden errors. We do not consider it within the influence of Douglas v. People of State of California,

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. See Caton v. State, 281 Ala.Sup. ——, 205 So.2d 239.

The judgment below is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.