214 So.2d 424

Joseph MURRY

v.

STATE of Alabama.

1 Div. 531.

Supreme Court of Alabama.

Sept. 26, 1968.

Everette A. Price, Jr., Evergreen, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was indicted for and convicted of murder in the first degree and on his plea of guilty was sentenced to life imprisonment.

Appellant, a convict on parole, was indicted on October 25, 1967, and at a prearraignment hearing on November 7, 1967, it was ascertained by the court that appellant was indigent and two attorneys were appointed to act as counsel. Later that same day, with counsel present, he was arraigned and entered a plea of not guilty.

When the cause came on for trial, the court was notified that appellant desired to withdraw his plea of not guilty and enter a plea of guilty. The trial court questioned appellant in the presence of his counsel and the District Attorney and it was evident that appellant knew what he was doing and that the State would recommend a life sentence, which it did. The jury was impaneled and the trial court stated:

"Gentlemen of the jury, you have been impanelled in this case to sit in judgment on this Defendant, Joseph Murry, and I want to relate to you very briefly what has transpired up to this time. On arraignment last Tuesday, the Defendant appeared here in court with his attorney and entered a plea of not guilty to this indictment which charges him with murder in the first degree. This morning he has asked permission to the Court to withdraw that plea of not guilty and file a plea of guilty and there has been an agreement between the State of Alabama, represented by Mr. Jones and Mr. Coxwell, and this Defendant and his attorneys, Mr. Price and Mr. Owens, that he do plead guilty to the offense of murder in the first degree and the State will recommend that you hear the evidence in this case and impose a sentence of imprisonment for life in the State penitentiary. The law does require, however, that a prima facie case be made out from the witness stand by the State and we will proceed in doing that in just one minute."

· The State proved that appellant had been living with the deceased, Rosa Lee Packer or Rosa Lee Parker in Monroe County. The deceased asked a friend to help her take some of her clothes to the home of Mary Agnes Tait and Maggie Cunningham also in Monroe County. In the evening of the day she moved, deceased was sitting on the front porch of the Tait-Cunningham home when appellant came up and told deceased to come with him. Eyewitnesses testified that she refused and appellant dragged her into the front yard. He stomped her with his feet, hit her with his fists and beat her with a metal garbage can lid. When he had finished beating her, he left and deceased was taken to a hospital where she died a few hours later from the wounds received from the beating.

· The jury retired and brought in the verdict of guilty and fixed the punishment at life imprisonment in the State Penitentiary. The trial court sentenced appellant and asked him if he wanted to appeal and he said he did. One of his attorneys was appointed his counsel on appeal.

We have examined the record and it is free from prejudicial error. Appellant had the benefit of counsel at every stage of the proceedings. Judgment was entered upon his plea of guilty after he was questioned about his desire to plead guilty and he understood what he was doing. The evidence conclusively showed that he committed the crime.

No reversible error appears in the record. This requires an affirmance by us. Johnson v. State, 281 Ala. 677, 207 So. 2d 662.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.