329 So.2d 116

Dawson Ray **COTTINGHAM**

v.

**STATE.**

**6 Div. 772.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Rehearing Denied Feb. 17, 1976.

Wilder & Nelson, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

CATES, Presiding Judge.

Murder in the second degree: sentence, twenty years in the penitentiary.

Cottingham, according to the tendencies of the State's evidence, talked one Odum into killing Eugene Helms. The motive was money—Helms having recently sold a Cadillac. Odum was seen near Helms's home on the day he was killed. Odum sold a pistol which was proved as being Helms's.

The trial judge overruled a defense motion to exclude the State's evidence. The defendant, as is his right, did not testify. He produced his mother and brother as alibi witnesses.

After sentencing on May 22, 1974, the trial judge appointed a different lawyer to prosecute the appeal. This attorney was seemingly never notified of his selection. The time for a new trial expired. Then on July 17, 1974, Cottingham's kin first told appellant's counsel of the appointment. In brief we are told that the only formal notice came from the clerk of this court, writing that the record on appeal had been filed here November 26, 1974.

But the only prejudice which we can envisage was in shutting off the making of a motion for new trial. Under Code 1940, T. 13, § 119, in Jefferson County, (as in other single county circuits), the movant must file and tell the judge within thirty days of judgment of his motion for a new trial, etc.

A lapsed, or dilatory, motion for new trial cannot be reviewed. *Ex parte Byrd Contracting Co.*, 26 Ala.App. 171, 156 So. 579; *Nickens v. State,* 31 Ala.App. 297, 15 So.2d 633. That is, time is of the essence of the right to a new trial.

A motion for new trial, however, is not a condition precedent to taking an appeal from a final judgment. Under Code 1940, T. 15, § 382 "the trial court retains jurisdiction for the purpose of granting a motion for a new trial; * * *." If the motion is granted the appeal becomes moot. *Blake v. State,* 22 Ala.App. 394, 116 So. 302.

The presence of an attorney at trial will not permit the inference that an appellant has the services of that same attorney (or any other) on appeal. Therefore, if appellant is proven a pauper (at least until a statute or rule of court makes trial counsel appointment a continuing one) the trial court must make a separate appointment of appellate counsel. *Martin v. State,* 277 Ala. 153, 167 So.2d 912 [1]; compare ABA Standards Relating to Criminal Appeals, § 2.2(a) [2].

The right now conferred (though not limited) by statute, to move for a new trial is a valuable one. We consider it of equal dignity to the statutory right to a struck jury. Hence, its preclusion would, on analogy, be the deprivation of a substantial right not affected by the harmless

---

[1]. "* * * it cannot be presumed that an appellant is represented by counsel in the appellate court where no brief has been filed or argument made, irrespective of whether the appellant was represented in the trial court by counsel of his own choosing or by court-appointed counsel."

[2]. "(a) Trial counsel, whether retained or court-appointed, should continue to represent a convicted defendant to advise on whether to take an appeal and, if the appeal is sought, through the appeal unless new counsel is substituted or unless the appellate court permits counsel to withdraw in the interests of justice or for other sufficient cause."

error principle. *Southern Ry. Co. v. Milan*, 240 Ala. 333, 199 So. 711.

■ We are affirming the judgment on the trial below based on the record before us. This action is taken under Code 1940, T. 15, § 389.

However, execution is to be stayed to allow appellant thirty days to file as though under § 119, supra, a motion for new trial.

We recognize this result as an exception. Exceptions test rules: here a constitutional right to counsel in the first appellate proceeding (*Douglas v. California*, 372 U. S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811), compels us to allow a proceeding ordinarily not to be had. *Lapsley v. Weaver*, 44 Ala. 131; Anno. 139 A.L.R. 340, fn 1.

■ If the motion for new trial is filed and denied, appellant may bring an independent appeal here—apart from this appeal. In such event the record on the instant appeal should not be duplicated since we take judicial notice of our records. Of course, if the motion is granted there would be a consequent venire facias de novo.

At all events appellant's counsel must advise this court of the proceeding during the ensuing thirty days, otherwise the certificate of affirmance will issue automatically. If the motion for new trial is filed and the hearing thereof is *duly* continued by the circuit court, this court reserves the right of granting appropriate stays of execution.

Affirmed: execution stayed for thirty days.

All the Judges concur.

### ON REHEARING

This cause has been consolidated, i. e., the record originally submitted has been supplemented with a record resulting from a hearing in the circuit court on July 11, 1975, of appellant's motion for a new trial. This transcript did not get to us until January 30, 1976.

■ The hearing below centered on whether or not George Coleman, a witness for the State on the original trial, was of such mental incompetency that his testimony could not be believed. This question was presented only by an affidavit of Coleman himself in which he stated that he used chloral hydrate, and also by unexplained medical records of his ins-and-outs of hospitals in Jefferson County for various and sundry ailments, imaginary and otherwise. We find that the trial judge did not abuse his discretion in overruling the motion for a new trial since the matter raised therein was in pertinent part explored by cross examination at the original trial.

McElroy on Evidence (2 ed.) § 94.01(2) relating to mentally defective persons as witnesses refers to Code 1940, T. 7, §§ 439 & 440, to the effect that persons during lunacy are incompetent witnesses.

■ We think it important to note that nowhere in the original trial was any question raised as to the mental capacity of Coleman as a witness. In view of the provisions of § 440, supra, that the trial judge must, by examination, decide upon the capacity of such a one, it is axiomatic that there be a challenge at the trial to such a witness.[3] No such challenge having been made here, there was no opportunity to observe Coleman at the time he was testifying with respect to his mental capacity. It may be that Coleman was vague, with poor memory, but nevertheless, the lawyer who represented the defendant at the trial did not appear to be impressed to the degree of raising his mental ability.

---

3. Code 1940, T. 7, § 440, reads:
   "The court must, by examination, decide upon the capacity of one alleged to be in-competent from idiocy, lunacy, insanity, drunkenness, or infancy."

The trial judge, at the beginning of the hearing, referred to the fact that defense counsel had raised in this court on appeal the fact that notice of appointment of himself had not reached him personally, yet he admitted in open court that the message may have been sent to his office. Counsel who hangs up his shingle and employs clerks must accept the usual effects of principal and agent so far as notice from a court to him (whether or not through an intermediary) is concerned.

The lapse of a cause, like a baton dropped by relay runners, is now less likely, under Rule 24(b), ARAP, which reads in part:

"(1) Appointed trial counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court."

After a consideration of the entire consolidated record in this cause the judgment below is due to be

Affirmed; application for rehearing overruled.

All the Judges concur.