633 So.2d 454 (1994)
Hollis Ray BELL and Helen Bell
v.
John A. VANLANDINGHAM, M.D.
1930063.
Supreme Court of Alabama.
February 25, 1994.
*455 D. Leon Ashford, Michael D. Ermert and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellants.
A. Danner Frazer, Jr. and Edward C. Greene of Frazer, Greene, Philpot & Upchurch, Mobile, and Edward T. Hines of Thompson, Garrett & Hines, Brewton, for appellee.
INGRAM, Justice.
Hollis Ray Bell and his wife Helen Bell brought a medical malpractice action against Dr. John A. Vanlandingham. The jury returned a verdict for Dr. Vanlandingham. The Bells moved for a new trial on the ground that the trial judge had erred by declining the Bells' request to strike three jurors for cause. The court overruled their motion for new trial, and the Bells appealed.
The dispositive issue is whether the trial court abused its discretion by refusing to dismiss for cause three jurors, Wood, Turk, and Kornegay.
In a recent case this Court reiterated that well-established rule of law "that a trial judge is given broad discretion in regard to sustaining or denying a challenge for cause, and [that] his decision is therefore entitled to great weight and will not be interfered with unless it is clearly erroneous and equivalent to an abuse of discretion." Roberts v. Hutchins, 613 So.2d 348, 350 (Ala.1993). We also recognize that a doctor-patient relationship between a potential juror and a party to a lawsuit is prima facie evidence of probable prejudice on the part of the potential juror. Id., at 348. It continues to be the trial court's responsibility to determine whether that presumption can be overcome. "Ultimately the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence." Knop v. McCain, 561 So.2d 229, 232 (Ala.1989).
According to his voir dire statement, Juror Wood was not then a patient of Dr. Vanlandingham and he had not used Dr. Vanlandingham's services in the past. Wood, a pastor, voiced concern at the conclusion of voir dire as to whether he could be objective, given that many members of his congregation were also patients of Dr. Vanlandingham and that he often visited patients at the hospital where Dr. Vanlandingham worked. Wood merely said that he felt "like I am supposed to know the Bells." The fact that Wood might "feel a little uncomfortable" sitting on the jury was not an adequate ground to support a challenge for cause. We find no error here.
Juror Turk had been a patient of Dr. Vanlandingham in the past, but they had no ongoing doctor-patient relationship; thus, there is no presumption of probable prejudice as to this juror. He had also hunted with Hollis Ray Bell. Although Turk was acquainted with the parties on both sides of the lawsuit, nothing in his voir dire statement indicates that he would not be able to view the evidence fairly and objectively. Turk merely indicated that he did not want to get involved, because he knew the parties. The trial court's decision not to strike Turk from the venire for cause was not an abuse of discretion.
However, we reach a different conclusion as to Juror Kornegay. In Wright v. Holy Name of Jesus Medical Center, 628 So.2d 510 (Ala.1993), this Court held that probable prejudice existed where a veniremember said that she would feel "awkward" returning to her doctor for treatment if she served on the jury in a medical malpractice action against him. Id., 628 So.2d at 512. Dr. Vanlandingham was Kornegay's family physician. When asked if this fact would "prevent [him] from giving both sides a fair and equal trial in this case," Kornegay stated that he would feel "awkward" serving on the jury. The trial court erred in not striking Juror Kornegay for cause; therefore, the Bells are entitled to a new trial.
The judgment is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and COOK, JJ., concur.
STEAGALL, J., concurs specially.
*456 STEAGALL, Justice (concurring specially).
I concur specially to point out that this case is factually distinguishable from Wright v. Holy Name of Jesus Medical Center, 628 So.2d 510 (Ala.1993). In my dissent in Wright, I stated that I would hold that the trial court in that case did not abuse its discretion in denying the plaintiff's motion to strike prospective juror P.C. The plaintiff insisted that P.C. should be subject to a challenge for cause because P.C. had admitted that she would feel awkward on her next visit to the defendant doctor after having served on the jury; but P.C. did not say that she would feel awkward sitting on the jury. In this case, however, the prospective juror, Kornegay, stated that he would feel awkward serving on the jury. Accordingly, I agree with the majority that the trial court in this case erred in not striking juror Kornegay for cause.