Roy F. Boykin, as executor of the estate of his father, Albert F. Boykin, appeals from a judgment based on a jury verdict in favor of the defendant Dr. J.S. Keebler in this medical malpractice action. In 1990, Dr. Van *Page 551 
Crocker, a partner with Dr. Keebler in Ear, Nose and Throat Center, P.A., diagnosed Albert F. Boykin as having cancer on his tongue. Dr. Keebler performed surgery to remove the lesion, with Dr. Crocker assisting him. Before the surgery, Dr. Keebler slit Boykin's trachea to open an airway and then inserted a breathing tube; this was Boykin's only clear airway during surgery. Dr. Keebler successfully removed the lesion; however, when he removed the breathing tube, he lost his hold on Boykin's trachea. The trachea closed. Dr. Crocker, who had left the operating room, was quickly summoned back to help. Both Dr. Keebler and Dr. Crocker attempted to reopen the trachea, but were unsuccessful; Boykin suffocated. Roy Boykin argued at trial that Dr. Keebler had been negligent in failing to sew "stay sutures" onto his father's trachea; the sutures, he asserted, would have stabilized the trachea and would have prevented Albert Boykin's death. The jury returned a verdict for Dr. Keebler.
Boykin moved for a new trial after the jury returned its verdict. Boykin contended in his motion that the trial court should have struck a certain veniremember, "Mrs. H.," for cause. The trial court denied the motion; it entered a judgment on the verdict, and Boykin appealed.
The dispositive issue is whether the trial court improperly failed to strike Mrs. H. for cause and therefore erred in denying Boykin's motion for a new trial.
A jury's verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust.Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162 (Ala. 1988). This presumption of correctness is further strengthened when the trial court denies a motion for a new trial. LarrySavage Chevrolet, Inc. v. Richards, 470 So.2d 1168 (Ala. 1985). We note that the ruling on a motion for new trial is within the discretion of the trial court and that the trial court's ruling on such a motion carries a strong presumption of correctness.Gold Kist, Inc. v. Tedder, 580 So.2d 1321 (Ala. 1991). However, that presumption of correctness will not prevent this Court from reversing a judgment when it is clear that the trial court abused its discretion in ruling on the motion for new trial.
Mrs. H. stated the following during voir dire:
 "Mrs. H.: My daughter has . . . been treated by Dr. Crocker.
". . .
 "THE COURT: . . . Regarding the fact that your daughter has been a patient of Dr. Crocker, would that have a tendency for you to lean more toward one side of the case than the other side of the case?
"Mrs. H.: It might.
 "THE COURT: Could you give both sides a fair and just trial in this case?
"Mrs. H.: I would do my very best, sir.
"THE COURT: But could you?
"Mrs. H.: I believe I could."
Boykin's attorney further questioned Mrs. H.:
 "BROWN: Let me ask you this: since you've been here for a while then first of all, do you happen to know Dr. Keebler or any members of his family?
 "Mrs. H.: Not Dr. Keebler, no. I know he works with Dr. Crocker. My child has been to Dr. Crocker.
 "BROWN: I guess having put your child in the care of one of the witnesses in the case, Dr. Crocker, who is also through his firm I guess in the sense of their partnership or their professional association is a member of this lawsuit or a defendant in this lawsuit, does it cause you a conceptional problem in the sense that you have entrusted Dr. Crocker with the care of your child and that you would be called upon to render a verdict in a case which involved Dr. Crocker as one of the surgeons; would that cause you some difficulty?
 "Mrs. H.: My conscience tells me to answer in the affirmative. Yes, sir.
 "BROWN: Okay. One other question: I guess I could follow up on that and probably I should in fairness to my client. Your conscience is telling you to answer that in the affirmative just in the sense that you *Page 552 
place your trust in Dr. Crocker. Would you explain that for us?
 "Mrs. H.: When I answered earlier that I would do my best to be fair and to look at both sides and to answer the way I thought it should be answered. But I might feel bad if I had to go back to Dr. Crocker knowing that I had.
 "BROWN: . . . [I]f the evidence was presented in the case that would be of sufficient nature to convince you that negligence had been committed in this case and that that negligence caused Mr. Boykin to lose his life untimely, would you have some hesitancy at that point based on what you have told us, you would still have this nagging problem as I understand it?
 "Mrs. H.: If the evidence told me that negligence was there I believe I would have to say that yes I thought negligence was there."
Boykin moved to strike Mrs. H. for cause, and the trial court denied that motion. Boykin exercised a peremptory strike to remove Mrs. H. from the venire.
The trial court has broad discretion in sustaining or denying a challenge for cause, and its ruling in that regard will not be reversed unless it was plainly erroneous. Roberts v.Hutchins, 613 So.2d 348 (Ala. 1993). There is a presumption of probable prejudice when a defendant and a venire-member have a doctor-patient relationship; that presumption may be overcome only if the trial court determines that the venire-member "can set aside her opinions and try the case fairly and impartially, according to the law and the evidence." Bell v. Vanlandingham,633 So.2d 454, 455 (Ala. 1994); Knop v. McCain, 561 So.2d 229,232 (Ala. 1989).
In Wright v. Holy Name of Jesus Medical Center, 628 So.2d 510
(Ala. 1993), this Court held that a veniremember who was a patient of a physician defendant in a medical malpractice action, and who indicated that she would feel "awkward" returning to that physician for treatment after serving on the jury, should have been struck for cause by the trial court. Although the veniremember stated that she "didn't think" that her relationship would taint her perception of the case, this Court held that the trial court's failure to strike the veniremember for cause was reversible error.
In Bell v. Vanlandingham, supra, this Court held that a veniremember who was a patient of a physician defendant in a medical malpractice action, and who declared that he would feel "awkward" serving on the jury in that action, should have been struck for cause by the trial court. The trial court's failure to strike for cause was held to be reversible error.
Mrs. H.'s child was a patient of Dr. Crocker, who, although he was not the primary surgeon in Albert Boykin's cancer operation, was an assistant to Dr. Keebler during that procedure. The facts recited above indicate that Dr. Crocker was heavily involved in Albert Boykin's surgery. Dr. Crocker was a key witness for the defense, and, because of his professional partnership with Dr. Keebler, was in a position similar to that of the actual defendant.
As noted above, Mrs. H. was not herself a patient of Dr. Crocker. However, it is clear that the association between a mother and the doctor who treats her child is inherently a close, personal relationship built upon trust and confidence. That relationship requires that the mother and her child's doctor be in close consultation regarding the child's health and well-being. It follows that the same "probable prejudice" that arises where a patient sits as a juror in judgment of his physician's case also arose under the facts of this case.
Mrs. H.'s vacillation during voir dire, particularly her admission that she "might feel bad if [she] had to go back to Dr. Crocker" after serving on the jury in this case, indicated prejudice and bias that disqualified her from serving on the jury; therefore, the trial court should have struck her for cause. Wright v. Holy Name of Jesus Medical Center, supra; Bellv. Vanlandingham, supra. The record plainly indicates that the trial court erred in refusing to strike Mrs. H. for cause; therefore, the trial court abused its discretion in denying Boykin's motion for a new trial. Although Mrs. H. did not serve on the jury, the trial court's *Page 553 
refusal to remove her for cause compelled Boykin to exercise one of his peremptory strikes to remove her from the panel. Boykin was entitled to a list of qualified jurors from which to strike; because he was given a list that included an unqualified person, we must reverse the trial court's judgment. See Wallace v. Alabama Power Co., 497 So.2d 450 (Ala. 1986);Southern Ry. v. Milan, 240 Ala. 333, 199 So. 711 (1940).
The judgment is reversed.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and COOK, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.